365 So.2d 1348 (1978)
STATE of Louisiana
v.
Johnny G. McINTYRE.
No. 62539.
Supreme Court of Louisiana.
December 15, 1978.
Rehearing Denied January 26, 1979.
*1349 Wellborn Jack, Jr., Jack & Jack, Shreveport, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Henry N. Brown, Jr., Dist. Atty., James M. Johnson, First Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Johnny G. McIntyre was indicted by the Webster Parish Grand Jury for aggravated rape in violation of La.R.S. 14:42. At arraignment, defendant entered a plea of not guilty and not guilty by reason of insanity to the indictment. After trial by jury, defendant was found guilty and sentenced to life imprisonment without benefit of parole, probation or suspension of sentence. On appeal, defendant relies on nine assignments of error for reversal of his conviction and sentence.[1] He also alleges an error patent on the face of the record. Finding merit in Assignment of Error No. 3, we need not consider the others.

ASSIGNMENT OF ERROR NO. 3
Defendant contends the trial judge erred in denying his challenge for cause of prospective juror, Donald Ray Veitch. He argues that, because of this erroneous ruling, he was compelled to exercise one of his peremptory challenges to excuse Mr. Veitch and was thereby deprived of one of his twelve peremptory challenges.
During voir dire, defendant questioned Mr. Veitch and established that he was a retired captain with the state police by whom he had been employed as a state trooper for twenty years, thirteen of which he had been assigned as a resident trooper in Minden. He had retired four years prior to the date of trial. His wife had worked as the personal secretary to a former district attorney from 1960 to 1969. During his employment as a state trooper, he appeared in court, both civil and criminal, on many occasions as a witness for the state. On one occasion, Mr. Veitch served as a witness in a civil trial in which his investigation was attacked by the same attorney representing defendant in this case. The prospective juror indicated that his investigation had been hindered by defense counsel. He also admitted that defense counsel had angered him at the time. Mr. Veitch was additionally questioned concerning his knowledge of defendant and his family. He stated that during the course of his duty as a state trooper, he had had several encounters with defendant's father and brother. In particular, he recalled being involved in a situation where defendant's father had become violent, burned down his own house, threatened to commit suicide, attempted to outrun the police and holed up in the woods for eleven hours before being apprehended. In the course of answering whether this incident would affect his judgment in this case, Mr. Veitch expressed reservation concerning the defense of insanity: "And while I'm at it, if I may be candid about this thing, the very plea bugs me and he pleads not guilty, then he pleads not guilty because of insanity. Now in one breath he says I didn't do this act or I'm not guilty of a criminal act and in the next breath he says well, if you can find that I did then I was insane. Now this is hard for me to *1350 accept." Upon further questioning about the plea of insanity, the prospective juror responded: "And this is what's going to bug me about this whole thing because I can't quite comprehendYou may show me but as it stands right now I can't understand this plea." The witness also recalled having had some trouble on a parking lot with defendant's brother. At first, he was uncertain as to whether this trouble had involved defendant or his brother. He further mentioned that he had recently heard that either defendant or his brother was charged with resisting arrest and assaulting a state trooper.
Further questioning revealed that Mr. Veitch had maintained long-standing professional relationships with most of the deputies subpoenaed by the state as witnesses for the trial. When asked how this would affect his judgment, defendant admitted that he would tend to believe the testimony of those officers he knew as opposed to that of witnesses he did not know. Mr. Veitch repeatedly insisted, however, throughout the questioning, that he was aware of his responsibilities as a juror, that he would weigh the evidence presented fairly and impartially and that his past relationship with law enforcement would not interfere with his ability to be impartial. Finally, upon being questioned as to whether his experience in law enforcement had been a pleasant one, Mr. Veitch replied: "Yes, sir, I loved it." Based on this examination, defendant challenged Mr. Veitch for cause, arguing that "it is reasonable to conclude that his relationship with various people in the case . . . would influence him in reaching a verdict." The trial judge denied defendant's challenge for cause, stating that Mr. Veitch's answers indicated that he would be an impartial juror. Defendant objected to the ruling of the trial judge and peremptorily challenged Mr. Veitch.
La.Code Crim.P. art. 797 provides in pertinent part:
The state or the defendant may challenge a juror for cause on the ground that:
. . . . . .
(2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence;
(3) The relationship, whether by blood, marriage, employment, friendship, or enmity between the juror and the defendant, the person injured by the offense, the district attorney, or defense counsel, is such that it is reasonable to conclude that it would influence the juror in arriving at a verdict;
(4) The juror will not accept the law as given to him by the court; . . ..
La.Code Crim.P. art. 800 provides in pertinent part:
A defendant cannot complain of a ruling refusing to sustain a challenge for cause made by him, unless his peremptory challenges shall have been exhausted before the completion of the panel.
Where an accused has exhausted all of his peremptory challenges before completion of the panel, he is entitled to complain on appeal of a ruling refusing to maintain a challenge for cause made by him. State v. Qualls, 353 So.2d 978 (La.1977); State v. Ballard, 337 So.2d 481 (La.1976). The trial judge is vested with broad discretion in ruling on a challenge for cause which ruling will not be disturbed on appeal absent a showing of abuse of that discretion. State v. Drew, 360 So.2d 500 (La.1978). However, service on a criminal jury by one associated with law enforcement duties must be closely scrutinized and may justify a challenge for cause; such association does not automatically disqualify a prospective juror. State v. Robinson, 353 So.2d 1001 (La.1977); State v. Madison, 345 So.2d 485 (La.1977). A juror who will unquestionably credit the testimony of law enforcement officers over that of defense witnesses is not competent to serve as a juror. State v. Nolan, 341 So.2d 885 (La.1977); State v. Jones, 282 *1351 So.2d 422 (La.1973) (on rehearing). In State v. Breedlove, 199 La. 965, 7 So.2d 221 (1942), this court held that three requirements were necessary before the ruling of a trial judge refusing to sustain a defendant's challenge for cause constituted reversible error: (1) an erroneous ruling refusing to sustain the defendant's challenge for cause; (2) exhaustion of all of the defendant's peremptory challenges; and (3) the defendant was forced to accept an obnoxious juror, either the one that should have been excused for cause, or, if the juror was peremptorily challenged, a subsequent juror that defendant would have peremptorily challenged but for the fact that he had already exhausted his peremptory challenges. Chief Justice O'Neill strongly dissented.
The Louisiana Code of Criminal Procedure (Acts 1966, No. 310) became effective January 1, 1967. Article 800 was intended, as the Official Revision Comment notes, to change the law by legislatively overruling the Breedlove decision and adopting the dissenting opinion of Chief Justice O'Neill. Thus, defendant now need only show two things to obtain reversible error: (1) that the trial judge erred in refusing to sustain a challenge for cause by the defendant; and (2) that the defendant exhausted all of his peremptory challenges. He need no longer make an additional showing of injury resulting from the court's action by forcing him to accept an obnoxious juror. La.Const. art. 1, section 17 provides that the accused has a right to challenge jurors peremptorily; the number of challenges to be fixed by law. La.Code Crim.P. art. 799 provides that in trials of offenses punishable by death or necessarily by imprisonment at hard labor, each defendant shall have twelve peremptory challenges. Therefore, an erroneous ruling of a trial judge which deprives a defendant of one of his peremptory challenges constitutes a substantial violation of a constitutional or statutory right requiring reversal of his conviction and sentence. La.Code Crim.P. art. 921.
In the instant case, defendant's peremptory challenges were exhausted before completion of the panel; therefore, his objection to the ruling refusing to sustain his challenge for cause is properly before us. During voir dire, defendant established that Mr. Veitch had been employed as a state trooper for twenty years prior to his retirement four years earlier. His wife had previously worked for nine years as personal secretary to a former district attorney. Mr. Veitch also stated that he had difficulty accepting the law relative to a plea of not guilty and not guilty by reason of insanity (the plea entered in this case). Additionally, he had had an unpleasant experience with defense counsel. During the course of his employment as a state trooper, he had had contact with defendant's father and brother in connection with law enforcement. Finally, Mr. Veitch commented to the effect that he would tend to believe the testimony of deputies with whom he had worked over that of witnesses with whom he was not acquainted. Due to the totality of these circumstances and particularly his long relationship with law enforcement, we do not consider that it is reasonable to conclude that Mr. Veitch was capable of serving as an impartial juror despite his manifestations to the contrary. Hence, we find that the trial judge abused his discretion in refusing to sustain defendant's challenge of Mr. Veitch for cause. As a result of this erroneous ruling, defendant exercised a peremptory challenge on Mr. Veitch and was thereby deprived of one of the twelve peremptory challenges to which he is entitled by law. This constituted a substantial violation of a constitutional or statutory right. Accordingly, we must reverse.

DECREE
For the reasons assigned, the conviction and sentence are reversed, and the case is remanded to the district court for a new trial.
SUMMERS, J., dissents.
NOTES
[1] Defendant expressly abandons Assignments of Error Nos. 5, 6, 7 and 9.