HALL, Judge.
The defendant, Charles Ray Cook, appeals his convictions after a jury trial for aggravated burglary and attempted aggravated rape in violation of LSA-R.S. 14:27, 14:42, and 14:60, and concurrent sentences of 20 years at hard labor on the aggravated burglary charge and 40 years at hard labor on the attempted aggravated rape charge. On appeal, the defendant contends by three assignments of error (eight other assignments were not briefed or argued and are considered abandoned) that the trial court erred in denying his motion to suppress certain inculpatory statements and fingerprint evidence, in denying his motion for a new trial, and in denying his challenge for cause of a prospective juror. Finding these contentions to be meritless, we affirm the defendant’s convictions and sentences. Facts
Shortly after midnight on December 27, 1981, the defendant, while armed with a knife, entered the home of an elderly Shreveport woman, took some valuables, and attempted to rape her. Upon responding to a call, police officers received a description from the victim and lifted latent fingerprints from the scene. However, their initial investigations produced no suspects.
On February 23,1982, the defendant was arrested by Shreveport police officers almost immediately after the commission of a residential burglary unrelated to this case. While in custody, the defendant’s fingerprints were compared with the latent fingerprints discovered at the residence of the complainant in this case. Upon learning there was a print match, police detectives questioned the defendant about the instant offenses and an incriminating statement was recorded and subsequently introduced at trial. The victim identified the defendant as her assailant from a photographic lineup and in court.
The defendant presented alibi evidence, claiming that he was at the home of some of his relatives on the night of and at the time of the offenses in question. However, the jury returned a guilty verdict as to both charges.
Assignments of Error Nos, 1 and 10 — Denial of Motion to Suppress and Denial of New Trial Motion
Following his arrest on the unrelated residential burglary charge, the defendant made certain inculpatory statements to police officers. In Assignment of Error No. 1, the defendant contends these statements, and the fingerprint evidence, should have been suppressed because defendant’s arrest on the unrelated charge was without probable cause and the statements given were involuntary and were coerced from the defendant through a lengthy detention prior to arraignment. We find both these arguments to be meritless.
In reviewing a ruling on a motion to suppress, the court looks at the totality of the evidence produced at the hearing on the motion and at trial. State v. Foster, 437 So.2d 309 (La.App.2d Cir.1983).
Concerning the probable cause for the defendant’s arrest on the unrelated burglary charge, the testimony of detectives, adduced in substantial part on cross-examination by defense counsel, although mostly hearsay, establishes that the defendant was seen by the owner of the burglarized house during the commission of the offense and was stopped and arrested nearby approximately five minutes after the burglary was reported because he fit the description given by the complainant. A gold watch taken from the burglarized residence was found on the defendant's person at the time of the stop and arrest.
*827 Based on this evidence, the trial judge found that probable cause for the defendant’s arrest existed. The trial judge’s conclusions as to probable cause are entitled to great weight and we find no error in the conclusions reached in this case. State v. Foster, supra. Consequently, the defendant’s motion to suppress in-culpatory statements due to an insufficient showing of probable cause for his arrest on the unrelated burglary charge was properly denied.
The defendant also contends that the trial court erred in denying the motion to suppress because his statements were involuntary. Specifically, the defense argues that the confession relating to these offenses was involuntary because the 17-year-old defendant was held without bail or counsel and interrogated over the course of a three-day period by several police officers. The defendant testified that a police officer used profane language and a detective stated that he would go to Angola if he didn’t talk. The record reflects that the defendant was implicated in numerous other offenses, and, after investigation by several police officers, the defendant was in fact charged with the commission of several other offenses. The delay in bringing the defendant before a judge for the appointment of counsel and the fixing of bail in this case was within the 72-hour statutory period, LSA-C.Cr.P. Art. 230.1, and was not inordinate due to the numerous investigations by different officers which had to be conducted to determine what charges should be filed against the defendant. State v. Reed, 390 So.2d 1314 (La.1980), relied on by defendant, is distinguishable because in Reed the defendant was prevented from seeing counsel retained by his father, a factor not present in this ease.
The detectives testified that the statements given by the defendant were free and voluntary, and were not induced by threats, promises, or coercion. The evidence rebuts defendant’s allegations of police misconduct. It was not an abuse of the court’s discretion to believe the testimony of the police officers over that of the defendant. State v. Neslo, 433 So.2d 73 (La.1983). Consequently, the trial court did not err in denying the defendant’s motion to suppress based on the involuntariness of the inculpatory statements at issue. Assignment of Error No. 1 is without merit.
Concerning the denial of the defendant’s motion for a new trial which was based, in essence, upon the same allegations previously discussed with respect to the inculpatory statements admitted at trial, since we have found the trial court’s ruling on the motion to suppress proper, we find no error in the denial of a request for a new trial based upon those same allegations. Consequently, Assignment of Error No. 10 is without merit.

Assignment of Error No. 4—Challenge for Cause

In this assignment of error, the defendant objects to the trial court’s refusal to sustain his challenge for cause lodged against a prospective juror, Harvey D. Teasley, due to Teasley’s law enforcement associations, particularly with certain law enforcement officers called as witnesses in this case. Upon the trial court’s refusal to excuse Teasley for cause, the defendant exercised a peremptory challenge and the prospective juror was excused. Subsequently, the defendant exhausted his peremptory challenges.
Voir dire examination revealed that Teas-ley was a police officer for 34 years. For 16 years he was Chief of Police of the Shreveport City Police Department. Prior to becoming police chief he was Captain of Personnel, and as such was responsible for screening applicants and making recommendations as to hiring. He had performed this function with respect to some of the officers listed as prospective witnesses in this case. However, Teasley did not know some of the prospective officer/witnesses and had made no such recommendation with respect to their employment.
*828 Teasley had been retired from the police force for about 10 years prior to being called for jury duty in this case. He served on the Police Federal Credit Union until approximately one year prior to his summons for jury duty. He testified he has occasional contact with persons in the Shreveport Police Department. Teasley is a member of the Fraternal Order of Police, and the Louisiana Police Officers’ Association.
Teasley also testified that he had no pri- or knowledge concerning this case and did not know the defendant, the prosecutor, or the defense counsel. Teasley further stated he had never served on a jury before and had not personally been the victim of a crime. He further stated his opinion that merely because a complaint is filed in a particular case does not mean that the accusation is true or the accused is guilty. He further testified that he would judge the case only on the basis of the evidence presented and would judge the witnesses’ credibility solely on the basis of their testimony, not whether the witness was a police officer.
The defendant may challenge a juror for cause on the ground that the juror is not impartial, whatever the cause of his partiality. LSA-C.Cr.P. Art. 797(2). While service on a criminal jury by one who is associated with law enforcement duties must be closely scrutinized and may justify a challenge for cause, the mere presence of such an association does not automatically disqualify that individual as a prospective juror. State v. Chapman, 410 So.2d 689 (La.1981); State v. Baldwin, 388 So.2d 664 (La.1980). Rather, given the totality of the circumstances involved, the revealed details of the relationship must be such that bias or prejudice can be reasonably implied. State v. Lewis, 391 So.2d 1156 (La.1980); State v. McIntyre, 365 So.2d 1348 (La.1978). It is the responsibility of the challenging party to show that the relationship in question is of such a nature as to influence the juror in arriving at a verdict. State v. Chapman, supra. A trial judge has broad discretion in ruling on a challenge for cause and his ruling will not be disturbed on appeal absent a showing of abuse of that discretion. State v. Smith, 437 So.2d 802 (La.1983).
From the record before us, Teasley is only shown to have had occasional contact with active police officers from his old department and to have retained his membership in two fraternal-type, law enforcement organizations. The record does not clearly establish that the prospective law enforcement witnesses were among the officers with whom Teasley had occasional contact, only that he knew some of these individuals and had been involved somewhat in the process of their hiring many years ago.
Under these circumstances, Teas-ley’s past and present associations disclose no prejudice in and of themselves. A retired officer’s continued occasional association with those actively engaged in law enforcement duties does not act to automatically disqualify that individual from criminal jury service. State v. Chapman, supra, and State v. Baldwin, supra. The voir dire testimony, taken as a whole, was sufficient to convince the trial court that Teasley could be impartial, and we agree. The trial court correctly denied the for cause challenge of prospective juror Teas-ley and committed no abuse of discretion in so doing.
Additionally, we note that the case of State v. McIntyre, supra, in which, a sufficient showing of bias or partiality on the part of a retired state trooper who was a prospective juror was made to warrant a reversal due to the trial court’s erroneous refusal to sustain a challenge for cause, is readily distinguishable from this case because of the existence of several factors in that case other than law enforcement associations which affected the juror’s ability to be impartial.
This assignment of error is without merit.

Decree

The defendant’s convictions and sentences are affirmed.
Affirmed.