540 So.2d 554 (1989)
STATE of Louisiana
v.
Craig Allen NEIL.
No. CR88-537.
Court of Appeal of Louisiana, Third Circuit.
March 15, 1989.
Stephen R. Streete, Salter, Streete & Hale, Lake Charles, for defendant-appellant.
Patricia Minaldi, Asst. Dist. Atty., Lake Charles, for plaintiff-appellee.
Before STOKER, DOUCET and KNOLL, JJ.
*555 STOKER, Judge.
Defendant was charged with one count of obscenity, a violation of LSA-R.S. 14:106, on August 1, 1986. During the pendency of this charge defendant was again arrested for obscenity on March 1, 1987. The original bill of information was amended to include the second count. Defendant pleaded not guilty to both counts. A six-person jury unanimously convicted defendant of both counts.
Defendant was sentenced to three years at hard labor on each count, to run consecutively. Since defendant was on probation at the time he committed these offenses, the trial judge revoked defendant's probation and reimposed the original sentence of five years at hard labor for distribution of marijuana. The sentences for the obscenity convictions are to run consecutively to the prior sentence for distribution of marijuana.
Defendant appeals his convictions and sentences, assigning five errors. Since we find that we must remand for a new trial on the first assignment of error, we need not consider the others.

OPINION
Defendant contends the trial court erred in failing to grant defendant's challenge for cause as to prospective juror Mark Ieyoub. The challenge for cause was based on the facts that Mark Ieyoub is the nephew of Richard Ieyoub, the Calcasieu Parish district attorney, his wife is an administrative assistant for the Calcasieu District Attorney's Office, the assistant district attorney who prosecuted the case, Patricia Minaldi, is a former accounting client and a social acquaintance of Mark Ieyoub, Pat Ieyoub, another uncle of Mark's, is employed by the sheriff's department and Mark testified that his relationships with law enforcement personnel could influence his verdict. Upon the trial judge's refusal to sustain his challenge for cause, defendant used a peremptory challenge against Mark Ieyoub.
LSA-C.Cr.P. art. 797(3) sets forth the pertinent basis for a challenge for cause:
"Art. 797. Challenge for cause
"The state or the defendant may challenge a juror for cause on the ground that:
* * * * * *
"(3) The relationship, whether by blood, marriage, employment, friendship, or enmity between the juror and the defendant, the person injured by the offense, the district attorney, or defense counsel, is such that it is reasonable to conclude that it would influence the juror in arriving at a verdict;"
A defendant need only show two things to obtain a reversal based on the trial court's refusal to sustain a challenge for cause made by the defendant: (1) that the trial judge erred in refusing to sustain a challenge for cause by the defendant; and (2) that the defendant exhausted all of his peremptory challenges.[1] LSA-C.Cr.P. art. 800, Official Comment (a); State v. Smith, 491 So.2d 641 (La.1986); State v. Huber, 504 So.2d 644 (La.App. 4th Cir.1987).
The criteria for determining whether the challenge for cause against Mark Ieyoub should be sustained was whether it was reasonable to conclude that his verdict in the case would be influenced by his connections to the prosecution. See LSA-C.Cr.P. art. 797(3). Official Comment (c) to Article 797 states that, in clause (3) the phrase in the prior law, "it must be reasonably believed," was changed to read "it is reasonable to conclude" in 1966.
The trial judge expressly found that this would be a reasonable conclusion. However, the trial judge stated that he believed *556 that Mark would not let the relationships influence him:
"THE COURT: Let me ask youYou see, let me tell you the problem that I have, for example, in deciding. The law, as I understand it, concerning questions like this is whether the relationship between you and the District Attorney and the District Attorney's staff, et cetera, or the District Attorney's Office, is such that it would be influenced by that relationship; the relationship would influence you, that it'd be reasonable to conclude that. Now, ordinarly [sic], I would say, yes, it would be resonable [sic] to conclude that a nephew of the District Attorney, whose wife is hired by the Districtworks for the District Attorney, that that person, it'll be reasonable to conclude that that relationship would influence the particular juror. But, yet, you've answered all the questions in a straight-forward manner, and you have told me, I think, with no uncertain terms, that you will not allow any such influence or any such relationship to influence your verdict in the case, and I'm inclined to accept that. But you see the problem that I have?"
Mark Ieyoub testified twice that his relationship with law enforcement personnel could, at least subconsciously, influence his verdict.
A challenge for cause should be granted even where a prospective juror declares impartiality if the juror's testimony on voir dire reveals the existence of facts from which bias, prejudice or inability to render judgment according to the law may be reasonably implied. State v. Smith, 430 So.2d 31 (La.1983), and cases cited therein. The trial judge is afforded wide discretion in ruling on a challenge for cause and the ruling should not be disturbed absent an abuse of discretion. State v. Smith, supra.
We find that, in view of Mark Ieyoub's numerous connections to the prosecution in this case, and his own belief that his verdict could be influenced by those connections, the trial judge clearly abused his discretion in refusing to sustain defendant's challenge for cause. It was not reasonable to conclude that Mark Ieyoub was capable of serving as an impartial juror. See State v. Sylvester, 400 So.2d 640 (La.1981); State v. Monroe, 366 So.2d 1345 (La.1978); State v. McIntyre, 365 So.2d 1348 (La.1978). Defendant's challenge for cause against Mark Ieyoub should have been sustained.
Next, we have determined from the record that defendant did exhaust all six of his peremptory challenges before the jury was impaneled. Since defendant's substantial rights were prejudiced by having been forced to use one of his peremptory challenges, the trial judge's denial of defendant's challenge for cause was reversible error. State v. Smith, 491 So.2d 641 (La. 1986); State v. McIntyre, supra.

DECREE
For the reasons discussed, defendant's convictions and sentences are reversed and the case is remanded to the district court for a new trial.
REVERSED AND REMANDED.
NOTES
[1] Defendant cites three cases for the proposition that an appellant need no longer have used all his peremptory challenges in order to obtain a reversal based on an erroneous refusal to sustain a challenge for cause. After review of these cases, State v. Robertson, 518 So.2d 579 (La.App. 1st Cir.1987); State v. Burge, 498 So.2d 196 (La.App. 1st Cir.1986) and State v. Edwards, 459 So.2d 1291 (La.App. 1st Cir.1984), we disagree with the First Circuit in its interpretation of the amendment to LSA-C.Cr.P. art. 800. In our opinion a showing that all peremptory challenges have been exhausted is still required. See State v. Smith, 491 So.2d 641 (La.1986). See also LSA-C.Cr.P. art. 800, Official Comment (a).