574 So.2d 561 (1991)
STATE of Louisiana, Plaintiff-Appellee,
v.
Johnny Ray WHITE, Defendant-Appellant.
No. Cr90-421.
Court of Appeal of Louisiana, Third Circuit.
February 6, 1991.
Susan E. Skidmore, Leesville, for defendant-appellant.
William E. Tilley, Dist. Atty., Leesville, for plaintiff-appellee.
Before GUIDRY, STOKER and DOUCET, JJ.
DOUCET, Judge.
This is an appeal from a conviction of distribution of a counterfeit controlled dangerous substance, a violation of La.R.S. 40:967(A)(2), and a sentence of five years at hard labor, a fine of $3,000.00, and all court costs.
The testimony at trial revealed conflicting versions of the facts. Officer Randall Strother of the Leesville Police Department testified to the following course of events: On June 19, 1989, he was working undercover with a confidential informant in the Leesville area. He and the informant left the police department in a rental truck. They passed in front of the Africana Lounge at about 6:30 p.m. It was daylight. *562 As they drove past, they were flagged down by a woman, who he knew to be Betty Faye Stewart. Ms. Stewart opened the door to the vehicle and asked them what they wanted. Officer Strother told her that they wanted cocaine. Ms. Stewart motioned to a man standing near the lounge, about 30 feet from the vehicle, and said, "Hey, Johnny, here's one!" The officer saw the man clearly and identified him as the defendant. He knew the defendant and had seen him about a dozen times previously. The defendant came to the passenger side of the truck and asked the officer what he wanted. Officer Strother asked for cocaine. The defendant showed the officer a small white rock. Officer Strother gave Ms. Stewart forty dollars and the defendant gave him the rock. Officer Strother drove to the police station and turned the rock over to Detective Larry Fulks for analysis. The defendant was arrested that evening.
The confidential informant's version of events was substantially the same as that of Officer Strother. She further testified that as she and Officer Strother drove away from the scene, she saw Ms. Stewart give the money to the defendant.
The testimony of Allen Burgess reflects that he was at the Africana Lounge at the time the alleged transaction took place. He saw Officer Strother and the informant arrive. He recognized Strother as a police officer. He saw Ms. Stewart approach the vehicle and open the door. However, he testified that several people, among whom was the defendant, approached the vehicle, forming a small crowd. He did not see anyone in the crowd hand anything over to anyone in the truck. Nor did he see anyone in the truck hand anything to anyone in the crowd. He did see that Ms. Stewart was holding money as she walked away. On cross examination the state brought out that Mr. Burgess had once been convicted of possession of marijuana.
It is undisputed that analysis of the white rock was negative for cocaine or any other illegal substance.
The defendant was arrested the evening of the transaction and was charged with distribution of a counterfeit controlled dangerous substance. The matter came to trial on February 12, 1990. The defendant was found guilty by a jury of six. A pre-sentence investigation was ordered. The defendant was sentenced on February 22, 1990. He appeals from the conviction and sentence on three assignments of error.
JUROR CHALLENGES
The defendant argues that the trial court erred when it overruled the defendant's challenge for cause of two different jurors, as a result of which the defendant had either to exercise a peremptory challenge or have that juror seated on the jury. First, defendant argues that a Mr. Lyons should have been excluded for cause because he knew several Assistant District Attorneys and the District Attorney since they had done legal work for him in the past. As further evidence that he should have been excused for cause, defendant argues that Mr. Lyons had several friends in law enforcement. Additionally, the defendant argues that the following taken from voir dire shows that Mr. Lyons should have been excused for cause.
"Q. The fact that a person is a police officer, does that mean that his or her testimony might be given more weight because of their particular job, such as police officer?
A. I think it should be.
Q. So you think that because a person is a police officer, he or she might be more likely to be telling the truth than somebody else?
A. I think so."
After those questions were asked, neither defendant nor the state sought to clarify Mr. Lyons' objectivity as a potential juror. After the questioning of potential jurors was completed, counsel were asked by the trial judge to indicate which jurors they would accept. At that time, defense counsel challenged Mr. Lyons for cause. The judge denied the request. Neither the judge nor the state attempted to rehabilitate Mr. Lyons. As a result of the judge's denial of the challenge for cause, the defendant was forced to use one of his peremptory challenges to excuse Mr. Lyons.
*563 La.C.Cr.P. art. 797 states that a juror may be dismissed for cause on the grounds that:
(2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground for challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence;
(3) The relationship, whether by blood, marriage, employment, friendship, or enmity between the juror and the defendant, the person injured by the offense, the district attorney, or defense counsel, is such that it is reasonable to conclude that it would influence the juror in arriving at a verdict.
When an accused exhausts all of his peremptory challenges before the completion of the jury panel, he is entitled to complain on appeal of a ruling refusing to maintain a challenge for cause. State v. Sylvester, 400 So.2d 640 (La.1981); State v. Neil, 540 So.2d 554 (La.App. 3rd Cir.1989); State v. Jenkins, 508 So.2d 191 (La.App. 3rd Cir. 1987), writ denied, 512 So.2d 438 (1987).
A defendant need only show two things to obtain a reversal based on the trial court's refusal to sustain a challenge for cause made by the defendant: (1) that the trial judge erred in refusing to sustain a challenge for cause by the defendant; and, (2) that the defendant exhausted all of his peremptory challenges before completion of the jury panel. He need not show injury resulting from the court's action. La.C. Cr.P. art. 800, Official Comment (A); State v. Neil, supra; State v. Smith, 491 So.2d 641 (La.1986); State v. Sylvester, supra. These two factors together show prejudice to the defendant's substantial rights sufficient to constitute reversible error. State v. Neil, supra. However, a trial judge is afforded wide discretion in ruling on a challenge for cause and the ruling should not be disturbed absent an abuse of discretion. State v. Neil, supra; State v. Smith, supra.
A juror who will unquestionably credit the testimony of law enforcement officers over that of defense witnesses is not competent to serve as a juror. State v. McIntyre, 365 So.2d 1348 (La.1978); State v. Nolan, 341 So.2d 885 (La.1977); State v. Jones, 282 So.2d 422 (La.1973). In this case, Mr. Lyons clearly stated that he would be more likely to believe a police officer than someone else. Although bias of this kind can be overcome by rehabilitation; State v. Bates, 397 So.2d 1331 (La. 1981); State v. McIntyre, 381 So.2d 408 (La.1980), neither the trial court nor the state rehabilitated Mr. Lyons. In light of Mr. Lyons' statements, and in the absence of rehabilitation, it was not reasonable to conclude that Lyons was capable of serving as an impartial juror. As a result, the challenge for cause should have been sustained.
Additionally, the record reveals that the defendant did exercise all of his peremptory challenges before the jury panel was completed. These two factors having been established, it is clear that substantial rights of the defendant were prejudiced by having been forced to use a peremptory challenge. Therefore, the denial of the challenge for cause was reversible error. State v. Neil, supra. Having found reversible error on this point, we need not consider the defendant's remaining assignments of error.
The conviction and sentence are vacated. The case is remanded to the trial court for a new trial.
REVERSED AND REMANDED.