WARD, Judge.
The District Attorney charged Paul Franklin with the crime of possessing cocaine with the intent to distribute. After a jury found him guilty as charged, the court sentenced Franklin to serve ten years at hard labor. Franklin has appealed, claiming the trial court committed three errors which warrant reversal of his conviction. He also claims the trial court abused its discretion by imposing a sentence that was excessive.
We affirm Franklin’s conviction and sentence.
The trial error that has the most merit is Franklin’s complaint that the trial court erred by permitting property seized from an abandoned house at 3410 Willow Street, guns, narcotics, and narcotic paraphernalia, to go to the jury as evidence against him. The evidence was indeed inflammatory and had little or no connection with the question of Franklin’s guilt or innocence, but we are not convinced the trial court erred, and if so, the we hold that other evidence of Franklin’s guilt is so overwhelming that the error was harmless beyond a reasonable doubt.
On September 5, 1989, while continuing an ongoing investigation, the narcotics bureau of the New Orleans Police Department prepared for controlled narcotics purchases by confidential informants using marked money to purchase drugs from whomever offered to sell them. In this case Officer Sandra Simpson and an informant proceeded in an unmarked car to the 3400 block of Willow Street, known to the police as Willow alley, with two other officers following in another car, keeping them under surveillance for security purposes. While Officer Simpson remained in the car, the informant approached Larry Wheeler, who stood in front of the house at 3422 Willow. The two men spoke and the informant gave Wheeler some of the marked money, then they walked over to 3410 Willow, an abandoned house. Standing out front was the defendant, who spoke with the informant and Wheeler for a few moments. Franklin then reached into his right front pants pocket, pulled out an object, and handed it to the informant. The informant got back into the car with Officer Simpson, and they left to meet with the other officers conducting the surveillance. The informant gave Officer Simpson three small plastic bags, later analyzed and found to be cocaine. Shortly thereafter, the police converged on Willow Alley. Outside of 3410 Willow Officer Mark Mornay arrested and searched the defendant, finding nineteen small packages of cocainé in defendant’s right front pants pocket and $120.00 in cash in his left front pocket. Part of the money was the marked money that the police had given to the informant. The police entered the abandoned house at 3410 Willow, and found a small piece of crack cocaine on a plate, smoking pipes, implements used in manufacturing crack, corners from plastic baggies, and a loaded revolver. A burning candle indicated that the house had been recently occupied.
The evidence is of course relevant. It tends to prove Franklin was in the business and that he possessed the cocaine found in his pocket with the intent to distribute. La.C.E. Art. 401. How relevant may be questioned. Without evidence to show that the defendant resided at 3410 Willow, or had ever entered the house, or had any control over the narcotics or paraphernalia or the gun inside, we find it of little relevance. It is of course very inflammatory, and La.C.E. Art. 403 says:
Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or mis *1264 leading the jury, or by considerations of undue delay, or waste of time.
In the instant case on the basis of the recorded testimony we are inclined to say that the prejudice outweighed the probative value. However, we are not prepared to say the trial court erred. In that same article the author’s notes (2) say:
The word “may” (substituted for “shall” by Senate Committee amendment to S.B. 155 of 1988) emphasizes the discretionary contextual character of the Article 403 determination. * * *
The same note indicates this calls for a balancing of interests; relevancy versus unfair prejudice, and given the trial court is in a much better position to make the decisions because the trial court has heard the testimony in the context of all of the evidence that has been introduced to that point, we cannot say the trial court’s decision on the balancing of those interests is wrong.
Moreover, considering the other evidence, we are also convinced that if it is error, it is harmless error. The prior hand to hand sale, the marked money, the immediate search of Franklin’s person — all leave no doubt that he is guilty as charged. An error is harmless if there is no reasonable possibility that it might have contributed to the conviction. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); State v. Gibson, 391 So.2d 421 (La.1980).
Franklin also complains that the trial court rulings during jury selection prejudiced him. During jury selection Franklin exercised three challenges for cause which the trial court denied. Franklin contends that these rulings were erroneous, causing him to use his peremptory challenges to excuse those jurors, and further causing him to exhaust his peremptory challenges before the jury was empaneled.
During voir dire each of the three prospective jurors initially answered questions in a manner that would indicate they were biased. Although a juror who is biased can be challenged for cause, an opinion or impression as to the defendant’s guilt or innocence is not of itself a sufficient ground to challenge a juror if the court is satisfied from the juror’s statements that the juror can render an impartial verdict according to the law and evidence. C.Cr.P. art 797. Thus, a challenge for cause is often unwarranted where a prospective juror at first expresses an opinion prejudicial to the defendant, but upon further inquiry demonstrates the ability and willingness to decide the case impartially by listening to the evidence and following the trial court’s instructions. State v. Heard, 408 So.2d 1247 (La.1982). A trial court has broad discretion in ruling on a challenge for cause, and its ruling will not be disturbed on appeal absent an abuse of that discretion. State v. Sugar, 408 So.2d 1329 (La.1983); State v. Bacchus, 455 So.2d 1257 (La.App. 4th Cir.1984).
In each of these challenges, the record indicates the jurors were “rehabilitated” — able to serve impartially. As an example, during voir dire Margaret Johnson stated that she felt she would not be fair because her son was addicted to drug use. When the prosecutor asked Ms. Johnson whether she could return a verdict of not guilty if she were not convinced beyond a reasonable doubt that Paul Franklin was guilty, Ms. Johnson responded that she could. The trial court did not err by denying Franklin’s challenge for cause. As another example, another prospective juror, Ms. Jauchler, said she lived in fear of being a victim of crime, that she particularly was predisposed against those who abused others to support an addiction to drugs, but she too answered questions by the prosecutor indicating she would be fair. Again, the trial court did not err by denying a challenge for cause. Finally, a third prospective juror, Betty Dupree, admitted to having five relatives including a brother, two nieces, and a cousin who were police officers. She stated that she would be more inclined to believe a policeman than an ordinary citizen. Upon further inquiry by the prosecutor and the court, Ms. Du-pree responded that the prosecution would have to prove that Franklin was guilty beyond a reasonable doubt no matter who testified, and that she would judge the *1265 police officer’s credibility only after hearing their testimony. The trial court did not err in ruling on Franklin’s jury challenges.
Franklin also claims the trial court erred by qualifying Officer Michael Glasser as an expert in the packaging and distribution of cocaine. He argues that the state did not qualify Officer Glasser and the police officer’s opinion was speculative. Officer Glasser had nine years experience in narcotics and his training and education as a undercover office showed he had the specialized knowledge to give an expert opinion of the packaging and distribution of cocaine. The trial court has discretion in ruling on qualifications of an expert and unless it is clearly abused that ruling will be upheld on appeal. State v. Trahan, 576 So.2d 1 (La.1990). The trial court did not abuse his discretion here.
Franklin complains that the trial court’s sentence is unduly harsh and clearly erroneous. The sentencing range for possession of cocaine with the intent to distribute is imprisonment for not less than five years but not more than thirty years. Franklin argues that the facts in this case do not support a sentence of ten years imprisonment. Sentencing guidelines require the trial court to individualize sentences, tailoring a sentence to fit the crime and the convicted felon. In this case the trial court found that Franklin was twenty-five years old, single, and unemployed, and that this was his first arrest and conviction. The trial court also found that although this was Franklin’s first offense, he had apparently been engaged in the indiscriminate sale of very dangerous drugs. We cannot say that the trial court who scrupulously followed the sentencing guidelines abused the great discretion given to trial courts in Louisiana.
AFFIRMED.