h MURRAY, Judge.
Charles Taylor appeals his conviction and sentence for simple possession of cocaine. For the following reasons, we affirm.
STATEMENT OF CASE:
On June 17, 1996, Mr. Taylor was charged with one count of possession of cocaine, to which he pled not guilty. On January 8, 1997, a six-member jury found him guilty as charged. He filed a motion for new trial, and the State filed a multiple bill charging him as a second offender. After a bench conference, the court denied his motion for new trial. Mr. Taylor then pled guilty to being a second offender, and the court sentenced him to serve thirty months at hard labor. The .court denied his motion for reconsideration and granted his motion for appeal.
FACTS:
On April 24, 1996, Officer Stovall was assigned to the Community Policing program encompassing the Magnolia and Calliope Projects. At approximately 2:15 a.m., he observed a car run a red light at the corner of Magnolia Street and Louisiana Avenue. He activated his overhead lights, and the car stopped about half a block later. The driver of the car, Charles Taylor, and an unknown woman, exited the car and walked toward Officer Stovall, who asked Mr. Taylor for his driver’s license and the paperwork for the car. Mr. Taylor admitted he did not have |?a license, and Officer Stovall arrested him, advised him of his rights, and placed him in the back of the squad car. Mr. Taylor indicated the paperwork for the car was in the. glove compartment, and Officer Stovall opened the driver’s door to find it. As he looked down into the car he saw a plastic bag containing a white powdery substance partially concealed under the floor mat on the driver’s side. Believing the bag contained cocaine, he retrieved it and approached Mr. Taylor’s companion, who was still standing on the sidewalk. She immediately stated the drugs belonged to Taylor. When asked by Officer Stovall about the cocaine, Mr. Taylor admitted that it was his. Officer Stovall arrested Taylor for possession of the cocaine in the bag and again read him his rights.
Officer Stovall was unable to find any paperwork for the car so he secured it and released the woman. He testified that he called for canine assistance, and when the dog searched the car it “alerted” on currency found in the ashtray. Upon arriving at the police station, and removing Mr. Taylor from the back seat of the squad *910 car, Officer Stovall discovered a piece of newspaper lying partially under the seat. Wrapped inside the paper were rocks of crack cocaine. Officer Stovall testified that he searched the car prior to the beginning of his shift that night, and the piece of newspaper was not in the car at that time, nor did anyone enter the back seat before Mr. Taylor.
It was stipulated that the powder found in the bag in Mr. Taylor’s car and the rocks found in the newspaper in the squad car tested positive for cocaine.
DISCUSSION AND RECOMMENDATION:

Errors Patent

A review of the record for errors patent reveals the trial court failed to wait twenty-four hours after denying the appellant’s motion for new trial before | ^sentencing him, as provided in La.Code Crim. Proc. art. 878. The transcript reflects the appellant did not waive this delay. However, in State v. Collins, 584 So.2d 356 (La.App. 4 Cir.1991), this Court held that the failure to observe the delay would be deemed harmless error where the defendant did not challenge his sentence on appeal. Therefore, in the present case where no error is raised as to Mr. Taylor’s sentence, the failure of the trial court to observe the delay period should be considered harmless error.[1]

Assignment of Error

By his sole assignment of error, Mr. Taylor contends the trial court erred by denying his challenge for cause for a potential juror who had prior dealings with the arresting officer in this case. The juror to whom Mr. Taylor refers testified in chambers that he had come in contact with Officer Stovall in the past in an unrelated incident, and he felt that Officer Sto-vall had conducted himself in a very professional manner. When asked if this feeling would automatically cause him to believe the officer over the defendant if they both testified at trial, the juror responded:
Honestly, if it came down to, you know, professional — I saw how he worked. And in that instance with me, whether he remembers it or not, I know him to be very thorough and professional in dealing with me. So I don’t know if I’d give him more credence or not. But if it came to the fact that — you know, I saw him, how he worked in the past. If it came to the fact of if he’s professional and everything else, he was in the past. I’d almost have to assume he would always be professional.
|4Just before giving this answer, the juror testified that, despite his prior experience with this officer, the State would still have to prove its ease. The juror stated: “If I wasn’t convinced, it would still be not guilty. They still would have to convince me.” After the trial court refused the defense challenge for cause, the defense used a peremptory challenge to excuse this juror. The defense ultimately used all its peremptory challenges.
As per La.Code Crim. Proc. art. 797, the defendant or the State may challenge a juror for cause on several bases, including the impartiality of the juror. In a case where a defendant has exhausted his peremptory challenges, a defendant must show that the trial court abused its discretion by denying a challenge for cause; no additional showing of prejudice is required. See State v. Rhodes, 97-1993 (La.App. 4 Cir. 11/18/98), 722 So.2d 1078; State v. Gaines, 96-1850 (La.App. 4 Cir. 1/29/97), 688 So.2d 679, writ denied 97-0510 (La.9/5/97), 700 So.2d 503.
In support of his assertion that the trial court should have stricken the juror for cause, Mr. Taylor cites State v. Wilson, *911 25,775 (La.App. 2 Cir. 2/23/94), 632 So.2d 861. However, the jury claim in Wilson involved the trial court’s finding that defense counsel’s use of a peremptory challenge violated Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), in that it was not race-neutral. The case did not involve a challenge for cause of any juror.
A much closer case is State v. Franklin, 598 So.2d 1262 (La.App. 4 Cir.1992), where the prospective juror admitted having several relatives, including a brother, two nieces, and a cousin, who were police officers. She stated that she would be more inclined to believe a policeman than an ordinary citizen. Upon further inquiry by the prosecutor and the court, the juror responded that the | ¡¡prosecution would have to prove that the defendant was guilty beyond a reasonable doubt no matter who testified, and that she would judge the police officers’ credibility only after hearing their testimony. On review, this Court upheld the trial court’s denial of the defendant’s challenge for cause. This court stated:
... a challenge for cause is often unwarranted where a prospective juror at first expresses an opinion prejudicial to the defendant, but upon further inquiry demonstrates the ability and willingness to decide the case impartially by listening to the evidence and following the trial court’s instructions.
State v. Franklin, 598 So.2d at 1264.
Here, the prospective juror testified that he did not know if his prior experience with this particular officer would cause him to believe the officer more than any other witness. However, as in Franklin, he also stated that the State would have to convince him that the defendant was guilty. Given this statement, as per Franklin it appears the trial court did not abuse its discretion by denying the challenge for cause as to this juror.
Accordingly, we affirm the conviction and sentence.
AFFIRMED.

. Collins distinguished State v. Augustine, 555 So.2d 1331 (La.1990), where the Court held that the failure to waive the twenty-four hour delay could not be considered harmless if the defendant challenges his sentence on appeal. Augustine has been legislatively overruled. See State v. Martin, 93-1915 (La.App. 4 Cir. 9/29/94), 643 So.2d 830.