444 So.2d 268 (1983)
STATE of Louisiana
v.
Kathy DOMINO.
No. 83 KA 0628.
Court of Appeal of Louisiana, First Circuit.
December 22, 1983.
*269 Ossie Brown, Dist. Atty. by Ralph Roy, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Walton Barnes, Baton Rouge, for defendant-appellant.
Before SHORTESS, LANIER and CRAIN, JJ.
SHORTESS, Judge.
Kathy Domino (defendant) was charged by bill of information with manslaughter, in violation of La.R.S. 14:31. She pled not guilty, was tried by jury, and found guilty. The trial judge sentenced her to five years at hard labor and to pay the costs of court. The jail portion of the sentence was suspended; and defendant was placed on three years of supervised probation, with the provision that she serve one year in the East Baton Rouge Parish Prison or serve weekends totaling 360 days, or contribute 360 days of community service. Subsequently, the State filed a motion to vacate and recall sentence. Defendant was resentenced to two years imprisonment in the East Baton Rouge Parish Prison, receiving credit for time served. Defendant appeals her conviction and alleges three assignments of error.
Defendant was the girlfriend of the victim, Tyrone George. On the evening of June 14, 1981, George and defendant had an argument which began outside of the home of Glenda Franklin, defendant's sister. Ms. Franklin tried to break up the fight by attempting to call the police and by threatening George with a gun. Finally, George drove away, and defendant returned to her home. Approximately thirty minutes later, George forced his way into defendant's house and commenced beating her. When George stopped hitting defendant, he turned to walk outside to his car, stating that he was not finished with her yet. Defendant testified that she thought he was going to get a gun. She got her own gun, went out to George's truck, and shot him. She ran away, stopped at a neighbor's home, and called the police. When the police arrived, defendant was still holding her gun. George's body was found near defendant's home.
Defendant says that the trial court erred in (1) denying her challenge for cause of a juror, (2) refusing to permit testimony as to specific acts of violence committed against defendant by George or as to the dangerous character of George, and (3) admitting into evidence a taped confession obtained from the defendant.
*270 Both the Federal and State Constitutions provide that a defendant in a criminal prosecution has a right to a trial by an impartial jury. U.S. Const.Amend. 6; La. Const. Art. I, § 16. In State v. Lewis, 391 So.2d 1156, 1158 (La.1980), the Supreme Court stated that:
the defendant is denied due process of law where circumstances affecting the juror exist which would offer a possible temptation to the average man to forget the burden of proof required to convict the defendant or which might lead him not to hold the balance nice, clear and true between the state and the accused.
The trial judge is vested with broad discretion in ruling on a challenge for cause, which ruling will not be disturbed on appeal absent a showing of abuse of that discretion. However, service on a criminal jury by one associated with law enforcement duties must be closely scrutinized and may justify a challenge for cause, although such association does not automatically disqualify a prospective juror. State v. Sylvester, 400 So.2d 640 (La. 1981); Lewis, 391 So.2d at 1158. State v. McIntyre, 365 So.2d 1348 (La.1978).
In the instant case, the trial court denied defendant's challenge for cause of juror number 141, Paula M. Welborn. She testified that her husband had been a Baton Rouge City Police detective for six years but was presently with the Alcohol Board. Her father-in-law is also a police officer. She admitted she was acquainted with Paul LeBlanc, detective corporal for the East Baton Rouge Sheriff's office and a primary prosecution witness. When asked, "Does the fact that you know Paul LeBlanc place you in such a position that you could not be fair and objective as a juror in this case," she replied, "I would say yes." Defense counsel at that point re-urged his challenge for cause. The attempt to rehabilitate the prospective juror by the State was equivocal. Finally, in response to a question propounded by the trial judge, Ms. Welborn indicated that her relationship with LeBlanc would not place her in a position that she would automatically either believe or disbelieve what he said. The trial judge then denied the challenge for cause, and defendant used her last peremptory challenge on Ms. Welborn.
Having exhausted all of her peremptory challenges before completion of the panel, defendant is entitled to complain on appeal of the trial judge's ruling which denied her challenge for cause of Ms. Welborn. La.C.Cr.P. art. 800.[1] Mere statements of jurors of their impartiality cannot be mechanically accepted when they are placed in juxtaposition to evidence of bias, interest or prejudice. Sylvester, 400 So.2d at 646. Ms. Welborn indicated at numerous points during her examination that she "probably" would not be able to be fair and impartial. She said that she could possibly be influenced by her conversations with her husband and that "my husband's father is police officer anduhso I have been around it so muchuhI don't know if, you know, its subconscious." She admitted that she "would be a little more candid about it" if she did not know anybody. Due to the totality of the circumstances and particularly to her husband's and father-in-law's law enforcement backgrounds, her acquaintance with Paul LeBlanc, and her equivocal responses during voir dire, we do not consider that it is reasonable to conclude that Ms. Welborn was capable of serving as an impartial juror despite any other manifestations to the contrary. Hence, we find that the trial judge abused his discretion in refusing to sustain defendant's challenge for cause and that this erroneous ruling constitutes reversible error because it affected substantial rights of the *271 accused. La.C.Cr.P. art. 921. Accordingly, we must reverse.[2]
For the reasons assigned, the conviction and sentence are reversed, and the case is remanded for a new trial.
REVERSED AND REMANDED.
NOTES
[1] Act No. 181 of the 1983 Regular Session amended La.C.Cr.P. art. 800. This amendment makes it unnecessary for the defendant to show that all of the peremptory challenges were exhausted before a complaint can be made regarding the trial judge's ruling on a challenge for cause. However, the amendment was not effective at the time of the trial and is not applicable in this case.
[2] Discussion of defendant's two remaining assignments of error are pretermitted. We note, however, that in her second assignment of error defendant contends that the trial judge erred in refusing to allow defense counsel to question witnesses about the dangerous character of the victim and specific acts of violence committed against defendant by the victim. The record reflects that defendant's testimony established an overt act, and evidence of the victim's bad character should be allowed.