459 So.2d 1291 (1984)
STATE of Louisiana
v.
William Brian EDWARDS
No. 84 KA 0166.
Court of Appeal of Louisiana, First Circuit.
November 20, 1984.
*1292 J. Kevin McNary, Asst. Dist. Atty., Covington, for appellee.
Oliver F. Johnson, Office of the Indigent Defender, Covington, for appellant.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
SHORTESS, Judge.
William Edwards (defendant) was charged with armed robbery in violation of La.R.S. 14:64, two counts of aggravated rape in violation of La.R.S. 14:42 and aggravated crime against nature in violation of La.R.S. 14:89.1. He pled not guilty. After a jury trial, defendant was found guilty as charged on each count. He was sentenced as follows on each conviction: armed robbery (Count 1)ninety-nine (99) years at hard labor without benefit of parole, probation or suspension of sentence; aggravated rape (Counts II and III)life imprisonment at hard labor without benefit of parole, probation or suspension of sentence on each count; and aggravated crime against nature (Count IV) fifteen years at hard labor without benefit of parole, probation or suspension of sentence. Defendant appeals his convictions and sentences. He alleged five assignments of error but has briefed only two, to-wit:
1. The trial court erred in allowing eight (8) peremptory challenges.
2. The trial court erred when it overruled defendant's challenges for cause as to prospective jurors Lloyd Lala and Joseph Noble.
Those assignments of error not briefed are considered abandoned. Uniform Rules, Courts of Appeal, Rule 2-12.4. State v. Trevathan, 432 So.2d 355 (La.App. 1st Cir.1983), writ denied, 437 So.2d 1141 (La.1983).
FACTS
On April 15, 1982, at approximately 4:00 a.m., a man entered the Junior Food Store on Highway 190 in Slidell, Louisiana, and proceeded into the back room where the cashier, a young woman, was working. He put his arm around her and covered her mouth with his hand to stop her screaming. He then held a knife to her neck and forced her to open the cash register. He took the money from the register and also searched the woman's purse for more money. The woman recognized the man as someone who had come into the store earlier that morning. The victim was then forced to get into the man's car. She was blindfolded and told to lie down on the floor. After riding for a short while, the man forced her out of the car and into a trailer. Here she was allowed to remove the blindfold. The man led her into a bedroom where he forced her to have vaginal and anal intercourse. He also had oral sex with the victim. Upon leaving the trailer, the victim was again blindfolded and put back into the car. When the car got stuck on a gravel road, the man made the victim remove her blindfold and get out to push the car. While at the rear of the auto she saw the license plate number. When the car was freed, she was told to run into the woods and not to come out until he was out of sight. She complied. Eventually she flagged down a car and was taken to the police.
Subsequently, using the license plate number, the St. Tammany Parish Sheriff's deputies found and arrested defendant. He was positively identified by the victim *1293 in an out-of-court physical lineup later that day.
ASSIGNMENT OF ERROR NUMBER ONE
Defendant contends that the trial court erred in limiting his peremptory challenges to eight. The peremptory challenges were reduced from twelve to eight in capital and hard felony cases by La.Acts 1983, No. 495, which amended La.C.Cr.P. art. 799. Defendant argues that the grant of peremptory challenges is a substantive right and that the amendment makes a substantive rather than a procedural change. He argues further that the decrease in the number of peremptory challenges affects his right to a fair trial. Finally, defendant contends that his conviction must be reversed because of the ex post facto application of the amendment.
This issue regarding decreasing the number of peremptory challenges and the same arguments raised by defendant were addressed by this court in State v. Bennett, 454 So.2d 1165 (La.App. 1st Cir.1984). Therein, we held that the applicability of Act No. 495 is determined by the time when the trial commences and not the time when the offense was committed. Although the offenses were committed prior to the effective date of Act 495, we find it was not error for the trial judge to apply the amended language of La.C.Cr.P. art. 799 in effect at the time of trial which allowed only eight peremptory challenges in this case. This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER TWO
Defendant contends the trial court erred in denying his challenge for cause of two prospective jurors.
Prior to La.Acts 1983, No. 181, in order to prove reversible error a defendant need show only two things: (1) that the trial judge erred in refusing to sustain a challenge for cause made by him, and (2) that he exhausted all his peremptory challenges. State v. Glaze, 439 So.2d 605 (La. App. 1st Cir.1983). Act 181, § 1 of the 1983 Regular Session amended La.Code Cr.P. Art. 800. This amendment removed the requirement that a defendant exhaust all peremptory challenges before he can complain of a ruling refusing to sustain a challenge for cause. The trial in this case took place after the effective date of the amendment. Thus, although defendant did exhaust all of his peremptory challenges, he need not show this in order to obtain review of the trial court's ruling on his challenges for cause.
Both the Federal and State Constitutions provide that a defendant in a criminal prosecution has a right to a trial by an impartial jury. U.S. Const.Amend. VI; La. Const. art. I, § 16. State v. Domino, 444 So.2d 268 (La.App. 1st Cir.1983). In State v. Lewis, 391 So.2d 1156, 1158 (La.1980), the Supreme Court stated that:
the defendant is denied due process of law where circumstances affecting the juror exist which would offer a possible temptation to the average man to forget the burden of proof required to convict the defendant or which might lead him not to hold the balance nice, clear and true between the state and the accused.
The trial judge is vested with broad discretion in ruling on a challenge for cause, which ruling will not be disturbed on appeal absent a showing of abuse of that discretion. However, service on a criminal jury by one associated with law enforcement duties must be closely scrutinized and may justify a challenge for cause, although such association does not automatically disqualify a prospective juror. State v. Sylvester, 400 So.2d 640 (La.1981); Lewis, 391 So.2d at 1158; State v. McIntyre, 365 So.2d 1348 (La.1978), cert. denied, 449 U.S. 871, 101 S.Ct. 209, 66 L.Ed.2d 90 (1980); State v. Domino, 444 So.2d 268 (La.App. 1st Cir. 1983).
Defendant assigns as error the denial of challenges for cause as to two prospective jurors, Lloyd Lala and Joseph Noble. That part of the assignment regarding Lala was not briefed and is considered abandoned. Uniform Rules, Courts of Appeal, Rule 2-12.4; Trevathan.
*1294 Defendant specifically argues that Noble's employment as a police officer for twenty-six years before retirement was sufficient basis for his challenge for cause. He argues further that the denial of the challenge for cause deprived him of one of his peremptory challenges.
Defendant cites Sylvester as authority for his contention that Noble could not serve as an impartial juror due to his law enforcement background. In Sylvester, the defendant attempted to excuse, Landry, a prospective juror for cause but was forced to use a peremptory challenge to exclude him from the jury. Landry worked for twenty-seven years in the police department that investigated the offense in that case. At the time of the trial, Landry's son was employed by the same department. In addition, he knew and had supervised Sergeant Wagner, the officer responsible for the investigation and a principal state witness. He also worked with three other officers who testified at trial. In deciding whether the trial court's ruling was correct, the Louisiana Supreme Court looked to the totality of the circumstances, particularly Landry's long relationship with law enforcement. That court held that it was not reasonable to conclude, despite his manifestations to the contrary, that Landry was capable of serving as an impartial juror.
In the instant case, Noble testified that he had been employed as a police officer for twenty-six years before his retirement in 1982. He began with the Baton Rouge Police Department in 1955. He was a detective sergeant in the Slidell Police Department from 1968 to 1972. Then he went to the Baker Police Department until he retired in 1982. He never worked for the St. Tammany Parish Sheriff's Office, the investigating department. During his employment in Slidell, Noble met and worked with Detective Mike Moore of the St. Tammany Parish Sheriff's Office, who investigated the crime and testified as a witness for the prosecution here. Noble stated that, although he worked with Moore, he could be a fair and impartial juror. In addition, he acknowledged that he had considered whether his law enforcement background would influence his verdict. He stated:
"Like I say, I've thought about that a lot today, and I hope it wouldn't. Like the fellow before me said it's hard to be a policeman for this long and change over just in one day. But the law is stronger than my feelings, and I'd have to go with the law."
Furthermore, the trial judge, in denying the challenge for cause, found that Noble had answered truthfully and was able to apply the law.
There was no abuse of the trial court's discretion in failing to grant defendant's challenge for cause, and this assignment is without merit.
For the reasons set forth, defendant's convictions and sentences are affirmed.
AFFIRMED.