518 So.2d 579 (1987)
STATE of Louisiana
v.
Kelvin Jerome ROBERTSON.
No. KA 87 0689.
Court of Appeal of Louisiana, First Circuit.
December 22, 1987.
*580 Bryan Bush, Dist. Atty., Office of the Dist. Atty., Baton Rouge, by Kay Howell, Asst. Dist. Atty., for plaintiff/appellee.
Otha C. Nelson, Baton Rouge, for defendant/appellant.
Before COVINGTON, C.J., and SAVOIE and LeBLANC, JJ.
COVINGTON, Chief Judge.
The defendant, Kelvin Robertson, and a co-defendant, Gregory Green, were charged by bill of information with armed robbery of Atlean Brown and aggravated burglary of her residence, in violation of LSA-R.S. 14:64 and 14:60, respectively. Both men pled not guilty and, after trial by jury, were found guilty as charged. Gregory Green received a sentence of sixty years at hard labor, without benefit of parole, probation, or suspension of sentence, for his armed robbery conviction and a concurrent sentence of thirty years at hard labor for his aggravated burglary conviction. Kelvin Robertson received a sentence of thirty-five years at hard labor, without benefit of parole, probation, or suspension *581 of sentence, for his armed robbery conviction and a concurrent sentence of thirty years at hard labor for his aggravated burglary conviction. The trial court also noted that the above sentences were imposed consecutively to any other sentences which the defendants were serving at that time.
Gregory Green has taken a separate appeal. See State v. Green, 518 So.2d 587 (La.App.1987) also decided this date. In the instant appeal, Kelvin Robertson alleges the following seven assignments of error:
1. The trial court erred in denying the defendant's motion for severance.
2. The trial court erred in denying the defendant's motion for a mistrial.
3. The trial court erred in denying the defendant's challenge for cause of prospective juror, Connie Thompson.
4. The trial court erred in allowing Captain Paul Maranto to answer a question posed by co-defendant's attorney.
5. The trial court erred in denying the defendant's motion for new trial.
6. The evidence was insufficient to support the instant convictions.
7. The trial court erred in imposing an excessive sentence.
At approximately 3:00 a.m. on December 25, 1985, Atlean Brown and her teenage son, Aaron, were awakened by a loud banging on the front door of their residence, located at 3005 Chippewa Street in Baton Rouge, Louisiana. One of the two men knocking at the front door identified himself as a policeman and informed Ms. Brown that her son was under arrest. When she did not let them inside, the two men kicked the door in and entered the house. One of the men was armed with a knife. He immediately ordered Ms. Brown to remove her rings. She took off her diamond ring and her class ring and surrendered them to him. This assailant, who was wearing gloves and a knit cap, forced Ms. Brown into her bedroom and ordered her to get into the bed and cover her head. She sat on the bed and covered her head with the bedspread while he took various valuables from her jewelry box. He also took Christmas presents from her closet and approximately $40.00 cash and the car keys from her purse. While this was happening, the second assailant, who was wearing a cowboy hat and a brown jacket, told Aaron to put on some clothes. When Aaron went into his room to do so, the second assailant pushed him into the closet and pushed a bookcase in front of the closet door. Before leaving, the assailants cut the telephone wires to all three telephones in the house. Finally, they drove off in Ms. Brown's car, a 1977 Plymouth. When she was certain that they had left, Ms. Brown ran across the street to call the police.
Three days later, Ms. Brown and her son identified pictures of the two assailants from a photographic lineup. She picked Kelvin Robertson's picture out of a photo display and told the police officers that he was the assailant armed with the knife. Aaron Brown picked Gregory Green's picture from another photo display, and he told the police officers that Gregory Green was the assailant dressed in a brown jacket and a cowboy hat who had pushed him into the closet.
Approximately four days after the armed robbery and burglary, Ms. Brown's car was located. It had been stripped, and numerous items of her personal property which had been inside the car were also missing.
At the trial, Aaron Brown again identified Gregory Green as his assailant. Ms. Brown identified both Kelvin Robertson and Gregory Green.

ASSIGNMENT OF ERROR NUMBER ONE
In this assignment of error, the defendant contends that the trial court erred in denying his motion for a severance.
La.C.Cr.P. art. 704 provides:
Jointly indicted defendants shall be tried jointly unless:
(1) The state elects to try them separately; or
(2) The court, on motion of the defendant, and after contradictory hearing with *582 the district attorney, is satisfied that justice requires a severance.
The defendant and Gregory Green were originally charged in one bill of information (Bill No. 2-86-294) with the armed robbery of Shannon Williams and the aggravated burglary of his residence, and the armed robbery of Atlean Brown and the aggravated burglary of her residence. The defendant filed a motion for severance from co-defendant Gregory Green, which was denied by the trial court. However, the trial court granted co-defendant Gregory Green's oral motion for a severance of offenses. The charges of armed robbery of Atlean Brown and the aggravated burglary of her residence were severed from the original bill and were charged in the instant bill of information (Bill No. 2-86-294-A). After a trial on the charges which remained in the original bill of information, the defendant and Gregory Green were convicted of simple robbery of Shannon Williams. On appeal, the defendant argued that the trial court erred in denying his motion for a severance from co-defendant Gregory Green. In State v. Robertson, 509 So.2d 98, 100 (La.App. 1st Cir.1987), this Court concluded that the trial court had not abused its discretion in denying the defendant's motion to sever. In the instant appeal, the defendant again assigns as error the trial court's denial of his motion for severance and he supports this assignment of error with the same arguments which were previously rejected by this Court. For the reasons previously expressed in State v. Robertson, supra, this assignment of error is meritless.

ASSIGNMENT OF ERROR NUMBER TWO
In this assignment of error, the defendant contends that the trial court erred in denying his motion for a mistrial. Specifically, he argues that the trial court erred in dismissing juror Lisa Boutwell from the jury after she had already been sworn.
On Monday, December 8, 1986, the trial began with the voir dire examination of prospective jurors. Four jurors were picked on December 8 before the trial was recessed. The next morning at 10:00 a.m., one of the four jurors who had been sworn in the day before, Lisa Boutwell, was not present. When she was contacted, she stated that she did not wish to serve on the jury because she learned that morning that her employer would not pay her for the days she would spend on jury duty. She was ordered to come to court immediately, which she did. A hearing was conducted in this matter, and Ms. Boutwell again stated that she did not wish to serve on the jury because she would not be paid by her employer. She stated that she had too many bills to pay and could not afford the $25.00 per day which she would receive for her jury service. The prosecutor then asked Ms. Boutwell if she could be a fair and impartial juror in light of this situation, and Ms. Boutwell replied that she could not because her mind would not be on the trial. The trial court held Ms. Boutwell in contempt of court, set a date for sentencing, and excused her from the jury for cause, noting that she would not be a fair and impartial juror.
At this point, both defendants moved for a mistrial, arguing that they chose jurors in "groups" and that dismissing Ms. Boutwell upset the "group". They also cited State v. Rounsavall, 337 So.2d 190 (La. 1976), for the proposition that dismissing a juror who had previously been sworn entitled them to a mistrial. The trial court denied their motion for a mistrial but did give each defendant one additional peremptory challenge.
In State v. Rounsavall, supra, after twelve jurors and one alternate had been selected to serve, one of the jurors informed the trial court that he had not disclosed certain facts in his answers on voir dire. This occurred before the opening statements were made. The trial court refused to order a mistrial, ruling instead that the juror be excused and replaced by the alternate juror. The Louisiana Supreme Court reversed, concluding that the trial court had erred in excusing a juror already sworn and replacing him with an alternate.
*583 The instant case is clearly distinguishable from the situation presented in State v. Rounsavall, supra. In the instant case, only four jurors had been sworn to serve, and voir dire was still taking place. Ms. Boutwell was not replaced with an alternate juror. Instead, the trial court gave each defendant an additional peremptory challenge; and the voir dire process was continued. Furthermore, Rounsavall was expressly overruled by the Louisiana Supreme Court in State v. Marshall, 410 So. 2d 1116 (La.1982).
In the instant case, the trial court had no choice but to dismiss Ms. Boutwell for cause and continue the voir dire process. Her answers at the hearing indicated that she did not wish to serve on the jury and that she could not be a fair and impartial juror. We note that the Code of Criminal Procedure does not specifically provide for situations in which a juror who has been accepted and sworn subsequently refuses to serve on the jury. However, the Code of Criminal Procedure does address situations in which a previously sworn juror is discovered to be incompetent. La.C.Cr.P. art. 796 provides:
If it is discovered after a juror has been accepted and sworn, that he is incompetent to serve, the court may, at any time before the first witness is sworn, order the juror removed and the panel completed in the ordinary course.
We believe that the instant situation, which occurred before the first witness was sworn, should be controlled by article 796. Therefore, we conclude that the trial court was correct in removing Ms. Boutwell from the jury and ordering the voir dire to be continued. Under these circumstances, the trial court did not err in denying the defendant's motion for a mistrial.
This assignment of error is meritless.

ASSIGNMENT OF ERROR NUMBER THREE
In this assignment of error, the defendant contends that the trial court erred in denying his challenge for cause of prospective juror, Connie Thompson.
Prior to La. Acts 1983, No. 181, in order to prove reversible error, a defendant needed to show two things: (1) that the trial court erred in refusing to sustain a challenge for cause made by him, and (2) that he exhausted all of his peremptory challenges. See State v. Glaze, 439 So.2d 605 (La.App. 1st Cir.1983). However, Act 181, Sec. 1, of the 1983 Regular Session amended La.C.Cr.P. art. 800 by removing the requirement that a defendant exhaust all of his peremptory challenges before complaining of a ruling refusing to sustain a challenge for cause. In the instant case, although the defendant did exhaust all of his peremptory challenges, he need not show this fact in order to obtain review of the trial court's ruling on his challenge for cause. State v. Edwards, 459 So.2d 1291, 1293, (La.App. 1st Cir.1984).
The trial court is vested with broad discretion in ruling on a challenge for cause, and that ruling will not be disturbed on appeal absent a showing of abuse of that discretion. State v. Allen, 380 So.2d 28, 30 (La.1980); State v. Edwards, supra. However, service on a criminal jury by one associated with law enforcement duties must be closely scrutinized and may justify a challenge for cause, although such association does not automatically disqualify a prospective juror. State v. Edwards, supra.
La.C.Cr.P. art. 797 provides that a juror may be excused for cause on either of the following pertinent grounds:
(2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and the evidence;
(3) The relationship, whether by blood, marriage, employment, friendship, or enmity between the juror and the defendant, the person injured by the offense, the district attorney, or defense counsel, is such that it is reasonable to conclude that it would influence the juror in arriving at a verdict[.]
*584 In his brief, the defendant argues that the trial court should have granted his challenge for cause because Connie Thompson "testified that she would be more influenced of [sic] the testimony of a police officer or someone in law enforcement." On voir dire examination, Ms. Thompson testified that she had a brother-in-law and two close friends who were in law enforcement. At first, she indicated that her relationship with these three men was such that she would be more influenced by police than other witnesses. Nevertheless, she also stated that she could be a fair and impartial juror. After she was challenged for cause, she was questioned further by the trial court and by both defense attorneys. In response to one defense attorney's question about whether or not she would give more weight to the testimony of a police officer than a lay witness, Ms. Thompson replied that she did not know any of the police officers who would be called to testify in the instant case and that she would judge their testimony in the same manner as that of lay witnesses. When the trial court refused to grant the defendant's challenge for cause, he exercised a peremptory challenge against Ms. Thompson.
A juror who will unquestioningly credit the testimony of law enforcement officers over that of defense witnesses is not competent to serve. State v. Allen, supra. However, when viewing Ms. Thompson's testimony as a whole, it is evident that she was willing to apply the law as given by the trial court. Furthermore, she indicated that she could be a fair and impartial juror and that she would weigh the testimony given by police officers in this case in the same manner as that of lay witnesses. Under these circumstances, we conclude that the trial court correctly denied the defendant's challenge for cause.
This assignment of error is meritless.

ASSIGNMENT OF ERROR NUMBER FOUR
In this assignment of error, the defendant contends that the trial court erred in allowing his co-defendant's attorney, Mr. Mitchell, to ask Captain Maranto on cross-examination if Cheneta Brown identified anyone from the photographic lineups.
Three days after the instant crimes occurred, the police returned to Atlean Brown's residence with two photo lineups. Atlean Brown identified Kelvin Robertson, and Aaron Brown identified Gregory Green. Cheneta Brown, who lived across the street, came into the house at some point while Atlean Brown and her son were viewing the photo lineups. Cheneta Brown identified Kelvin Robertson's picture. At the trial, Cheneta Brown testified that she had seen both Kelvin Robertson and Gregory Green on Chippewa Street on Christmas Eve.
At the trial, the defendant's attorney argued that the trial court should not allow Mr. Mitchell to question Captain Maranto about whether or not Cheneta Brown had identified anyone from the photo lineups because it would prejudice the defendant and deprive him of the right of confrontation and cross-examination. In his brief on this issue, the defendant again referred to the denial of his motion for severance and stated that Cheneta Brown had been the only person who identified him, since both Atlean Brown and Aaron Brown identified Gregory Green.
We have previously addressed the defendant's argument about the denial of his motion for severance in assignment of error number one and concluded that this argument is meritless. Cheneta Brown's identification of Kelvin Robertson's picture from the photo lineup was relevant. The defendant's assertion in brief that Cheneta Brown was the only person to identify him is incorrect. Both Officer Schiro and Captain Maranto testified that Atlean Brown identified Kelvin Robertson's photo in their presence. At the trial, however, Atlean Brown had obviously confused the names of the two defendants when she testified that Gregory Green had attacked her and Kelvin Robertson had attacked her son. Finally, Mr. Mitchell's question to Cheneta Brown did not deprive the defendant of his right to cross-examination or confrontation, since his attorney had the opportunity to *585 cross-examine both Captain Maranto and Cheneta Brown about her identification of his picture from the photo lineup.
For the above reasons, this assignment of error is meritless.

ASSIGNMENT OF ERROR NUMBER FIVE
Under this assignment of error, the defendant argues in brief that a juror would have been subject to a challenge for cause if he had known about her upset condition due to her relationship to a recent murder victim. He complains about the denial of his motion for new trial on that ground.
The murder of government drug informant Barry Seal in Baton Rouge caused nationwide publicity. Apparently, Barry Seal was Catherine Seal's brother-in-law. Catherine Seal was allegedly seen crying during the voir dire examination of other jurors when she learned that the men accused of shooting Barry Seal were attending a hearing in another courtroom during the instant trial. In his brief, defendant states:
In the present case, the appellant's attorney observed Catherine Seal wiping tears from her eyes and requested that he approach the bench to bring the situation to the trial judge's attention. The appellate record in this case does not show this event. The record also does not provide the testimony of the appellant on his new [sic] motion for new trial where he heard Catherine Seal explain to the Court Reporter, Assistant District Attorney, co-defendant's attorney, and the bailiff that she was crying because she was thinking about her brother-in-law, Barry Seal.
There is no indication from the record that Catherine Seal was seen crying at any time, nor does the record give any indication of the defense counsel's alleged bench conference at which he informed the trial court about the situation. Furthermore, the record does not contain a transcript of the hearing on the defendant's motion for new trial. An examination of the defendant's motion for designation of record reveals that the defendant failed to request that a transcription of the hearing on his motion for new trial be included in the record. A party moving for appeal must request that portion of the proceedings necessary for review in light of the assignments of error to be urged. Only that which is in the record may be reviewed. See La.C.Cr.P. art. 914.1; State v. Vampran, 491 So.2d 1356, 1364 (La.App. 1st Cir.), writ denied, 496 So.2d 347 (La. 1986).
In any event, based on the defendant's argument in brief, we conclude that Catherine Seal would not have been subject to a challenge for cause. Her answers on voir dire examination indicated that she could be a fair and impartial juror and that she could apply the law as given by the trial court. See La.C.Cr.P. art. 797; State v. Ward, 483 So.2d 578, 584 (La.), cert. denied, ___ U.S. ___, 107 S.Ct. 244, 93 L.Ed. 2d 168 (1986).
For the above reasons, this assignment of error is meritless.

ASSIGNMENT OF ERROR NUMBER SIX
In this assignment of error, the defendant contends that the evidence was insufficient to support his convictions of armed robbery and aggravated burglary.
The standard of review for the sufficiency of evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude that the state proved the essential elements of the crime beyond a reasonable doubt. See La.C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983).
LSA-R.S. 14:64 provides:
A. Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without *586 benefit of parole, probation or suspension of sentence.
LSA-R.S. 14:60 provides:
Aggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender,
(1) Is armed with a dangerous weapon; or
(2) After entering arms himself with a dangerous weapon; or
(3) Commits a battery upon any person while in such place, or in entering or leaving such place.
Whoever commits the crime of aggravated burglary shall be imprisoned at hard labor for not less than one nor more than thirty years.
In his motion for a new trial, or in the alternative for a post-verdict judgment of acquittal, the defendant stated that "the testimony of the defendant and his witnesses showed that he was not at the scene of the crime at the time that it was supposed to have occurred...." However, an examination of the record reveals that no credible alibi evidence was presented. Furthermore, the only defense witnesses were Kelvin Robertson's mother and his aunt, and neither of them testified as to his whereabouts on December 24th or 25th, 1985, the dates in question.
In his brief, the defendant states that the trial court erred and the jury committed manifest error when they found the defendant guilty of armed robbery and aggravated burglary. However, in briefing this assignment of error, the defendant failed to state any specific reasons to support his argument. Instead, he merely restates some of the trial testimony of several witnesses, without drawing any conclusions.
Three days after the instant offenses were committed, Atlean Brown identified Kelvin Robertson's picture from a photographic display. Officer Schiro and Captain Maranto both testified that Atlean Brown picked Kelvin Robertson's picture from the photo lineup. They also testified that Aaron Brown picked Gregory Green's picture from another set of photographs. At the trial, Atlean Brown identified both Kelvin Robertson and Gregory Green, although she had their names confused. Aaron Brown identified Gregory Green at the trial, although he also had his name confused. The trial testimony of Atlean Brown and her son indicates that Kelvin Robertson and Gregory Green kicked in the front door of their residence early Christmas morning and took cash, Christmas presents, various valuables, and Ms. Brown's car keys. Kelvin Robertson was armed with a knife during the commission of these offenses. After disabling the telephones in the house, Kelvin Robertson and Gregory Green left the scene in Ms. Brown's 1977 Plymouth. We believe that a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have concluded that the state proved beyond a reasonable doubt that the defendant was guilty of armed robbery of Atlean Brown and aggravated burglary of her residence.
This assignment of error is meritless.

ASSIGNMENT OF ERROR NUMBER SEVEN
In this assignment of error, the defendant contends that the trial court erred in imposing an excessive sentence.
The trial court has wide discretion to impose a sentence within the statutory limits. State v. Washington, 414 So.2d 313 (La.1982). This discretion is subject only to the constitutional limitations on excessive sentences and should not be disturbed absent manifest abuse. State v. Burnette, 419 So.2d 835 (La.1982).
Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than a needless imposition of pain and suffering. State v. Gray, 461 So.2d 627 (La. App. 1st Cir.1984). A sentence is considered grossly disproportionate if one's sense of justice is shocked when comparing the punishment in light of the harm done to society. State v. Gray, supra.
*587 La.C.Cr.P. art. 894.1 requires the trial court to weigh both aggravating and mitigating circumstances in determining whether or not to impose incarceration. While the trial court is not required to articulate every such circumstance in imposing sentence, the record must reveal adequate consideration of the guidelines enumerated in article 894.1. State v. Banks, 457 So.2d 1264 (La.App. 1st Cir. 1984).
Reviewing the article 894.1 guidelines, the sentencing record reflects that the trial court found many aggravating circumstances, but no mitigating circumstances. The court noted that the defendant was twenty-two years old. The presentence investigation indicated that the defendant had a lengthy juvenile record. The judge specifically noted that the defendant's first felony arrest was at age 10. The court noted that the defendant was not employed, that he had exhibited a violent nature, that imprisonment would not work a hardship on his family, and concluded that he was in need of a custodial environment. The judge also reviewed the facts of the instant offenses, stating that the defendant's conduct threatened serious bodily harm. We find that the trial court satisfied the criteria set forth in La.C.Cr.P. art. 894.1.
In his brief, the defendant complains that his attorney was not allowed to review the presentence investigation report and that, if he had been allowed to do so, "[t]he defendant could have shown mitigating factors other than the fact that he was a first offender." This contention is incorrect. While the presentence investigation indicated that the defendant was a first felony offender, the trial court noted that the defendant had actually been convicted of four felony offenses in the past year. In addition to the instant convictions of armed robbery and aggravated burglary, the defendant had recently been convicted of simple burglary of an inhabited dwelling and simple robbery. Furthermore, an examination of the record of sentencing gives no indication that defense counsel requested that he be allowed to review the presentence investigation report or that the request was denied by the trial court. If such a request was denied, the defendant failed to enter an objection on the record. Therefore, this objection cannot be raised for the first time on appeal. La.C.Cr.P. art. 841; State v. Norris, 347 So.2d 225 (La.1977).
The defendant received a sentence of thirty-five years at hard labor, without benefit of parole, probation, or suspension of sentence, for his armed robbery conviction and a concurrent sentence of thirty years at hard labor for his aggravated burglary conviction. The defendant complains that these sentences were excessive because they were imposed consecutively to any other sentences the defendant was then serving. However, the defendant's previous sentences for his simple burglary of an inhabited dwelling and simple robbery convictions were totally unrelated to the instant offenses. Therefore, the trial court correctly imposed the defendant's armed robbery and aggravated burglary sentences consecutively to the prior sentences. See La.C.Cr.P. art. 883; State v. Young, 432 So.2d 1012, 1015 (La.App. 1st Cir.1983). Under the circumstances, we find the sentence imposed is justified.
This assignment of error is meritless.
For the assigned reasons, we affirm the convictions and sentences of the defendant.
AFFIRMED.