COVINGTON, Chief Judge.
The defendant, Gregory Green, and a co-defendant, Kelvin Robertson, were charged by bill of information with armed robbery of Atlean Brown and aggravated burglary of her residence, on December 25, 1985, in violation of LSA-R.S. 14:64 and 14:60, respectively. Both men pled not guilty; and, after trial by jury, were found guilty as charged. Gregory Green received a sentence of sixty years at hard labor, without benefit of parole, probation, or suspension of sentence, for his armed robbery conviction and a concurrent sentence of thirty years at hard labor for his aggravated burglary conviction. Kelvin Robertson received a sentence of thirty-five years at hard labor, without benefit of parole, probation, or suspension of sentence, for his armed robbery conviction and a concurrent sentence of thirty years at hard labor for his aggravated burglary conviction. The trial court also noted that the above sentences were imposed consecutively to any other sentences which the defendants were serving at that time.
The facts of the instant offenses are fully set forth in Kelvin Robertson’s separate appeal, also decided this date. See State v. Robertson, 518 So.2d 579, Docket No. KA 87 0689. In the instant appeal, Gregory Green alleges the following seven assignments of error:
1. The trial court erred in denying the defendant’s motion for a mistrial.
2. The trial court erred in denying the defendant’s challenge for cause.
3. The trial court erred in denying the defendant’s challenge for cause.
*589 4. The trial court erred in sustaining an objection made by the state.
5. The trial court erred in sustaining an objection made by the state.
6. The trial court erred in imposing an excessive sentence and in failing to comply with the sentencing guidelines of La. C.Cr.P. art. 894.1.
7. The evidence was insufficient to support the instant convictions.
Assignments of error numbers two, four, five, and seven were not briefed on appeal and are, therefore, considered abandoned. Uniform Rules—Courts of Appeal, Rule 2-12.4. Furthermore, assignment of error number one, which relates to the denial of the defendant’s motion for a mistrial, and assignment of error number three (assignment of error number two in defendant’s brief), which relates to the denial of the defendant’s challenge for cause, have been previously addressed by this Court in co-defendant Robertson’s appeal. For the reasons cited by this Court in Robertson’s appeal, those assignments are meritless. See State v. Robertson, supra. Therefore, only assignment of error number six (assignment of error number three in defendant’s brief) will be addressed herein.
ASSIGNMENT OF ERROR NUMBER SIX (ASSIGNMENT OF ERROR NUMBER THREE IN DEFENDANT’S BRIEF):
In this assignment of error, the defendant contends that the trial court erred in imposing an excessive sentence and in failing to comply with the sentencing guidelines of La. C.Cr.P. art. 894.1.
The Code of Criminal Procedure sets forth items which must be considered by the trial court before imposing sentence. La. C.Cr.P. art. 894.1. The trial court need not recite the entire checklist of article 894.1, but the record must reflect that it adequately considered the guidelines. State v. Davis, 448 So.2d 645 (La.1984). In light of the criteria expressed by article 894.1, a review of the individual excessiveness should consider the circumstances of the crime and the trial court’s stated reasons and factual basis for its sentencing decision. State v. Lewis, 489 So.2d 1055, 1061 (La.App. 1st Cir.), writ denied, 493 So.2d 1218 (La.1986).
Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762 (La.1979). However, the trial court has wide discretion in the imposition of sentences, and a sentence within statutory limits will not be set aside in the absence of an abuse of discretion. State v. Louis, 496 So.2d 563, 568 (La.App. 1st Cir.1986).
Reviewing the article 894.1 guidelines, the sentencing record reflects that the trial court found many aggravating circumstances. The judge pointed out the violence of the instant crime, that of busting down a door, terrorizing a mother and her 15 year old son, holding the woman at knife point and proceeding to steal everything of value including, every Christmas present, and stealing their automobile. The trial judge also indicated the defendant is a chronic criminal, with multiple felony arrests, many involving serious crimes against persons. In 1986, Green was sentenced to a seven-year term for another felony. It also noted that the defendant had exhibited a violent nature in the past and that his conduct in the instant case threatened serious harm. Although the defendant was officially classified as a second felony offender, the presentence investigation revealed that the instant convictions were actually the defendant’s third and fourth felony convictions. Finally, the trial court stated that a lesser sentence would deprecate the seriousness of the offense and concluded that the defendant was in need of a custodial environment. We find that the trial court satisfied the criteria set forth in La. C.Cr.P. art. 894.1.
The State did not file habitual offender proceedings against this defendant and he only received one third of what he could have received for the armed robbery charge. His thirty years on the aggravated burglary charge, to run concurrently with the armed robbery charge, constitutes the maximum sentence for aggravated burglary. The defendant was already serving a sentence on a simple burglary charge. *590 Because of the violent nature of this crime and the other reasons cited by the trial judge, we find that this sentence is fully justified.
In his brief, the defendant argues that the sentences imposed were excessive because the trial court failed to take into consideration his young age. On the contrary, the sentencing record indicates that the trial court specifically noted that the defendant was 23 years of age. The trial court apparently concluded that the defendant’s past criminal history and his commission of the instant offenses warranted the imposition of substantial sentences. In light of the reasons for sentencing given by the trial court, we find no abuse of discretion in the sentences imposed.
This assignment of error is meritless.
For the assigned reasons, we affirm the convictions and sentences of the defendant.
AFFIRMED.
SAVOIE, J., agrees with the conviction but dissents, with reasons, from the sentence imposed.