SAVOIE, Judge,
dissenting in part.
From the sentence of sixty years without benefit of parole, probation or suspension of sentence imposed on defendant I respectfully dissent, in part.
Defendant and Kelvin Robertson[1] committed this armed robbery and were tried together. Defendant was not armed. Robertson was armed. Defendant’s presen-tence investigation report recommended incarceration. Robertson’s presentence investigation report states that Robertson “has done nothing in the last few years but institute a reign of terror upon law abiding citizens. We urge the court to impose the harshest possible sentence.”
The trial judge sentenced defendant to 60 years but sentenced Robertson to only thirty-five years. The trial court gave no justification for the disparity in the sentences other than a “gut feeling,” which I do not find enumerated under the sentencing guidelines of LSA-C.Cr.P. art. 894.1.
“The prohibition against excessive punishment makes a great change in the law and requires the courts to do justice in each case ...” The Declaration of Rights”, 21 Loy. L.Rev. 9, 39 (1975) quoted in State v. Sepulvado, 367 So.2d 762 at 766 (1979).
Here the meaner of the two offenders, Robertson, has been given a much more lenient sentence. This is not justice. Since we cannot increase Robertson’s sentence justice demands that we reduce defendant’s sentence to something less than his more heinous cohort. I would reduce defendant’s sentence to thirty years.

. See State of Louisiana v. Robertson, 518 So. 2d 579 (La.App. 1st Cir.1987).