618 So.2d 908 (1993)
STATE of Louisiana
v.
Gregory WIMBERLY.
No. 92 KA 0920.
Court of Appeal of Louisiana, First Circuit.
April 23, 1993.
*909 Office of Dist. Atty., Amite, for plaintiff-appellee.
Gregory Wimberly, defendant-appellant in proper person.
Before WATKINS, CRAIN and GONZALES, JJ.
*910 CRAIN, Judge.
Gregory Wimberly was indicted with six counts of armed robbery, violations of La. R.S. 14:64. After initially entering not guilty pleas, he pled guilty as charged on all counts and was sentenced to concurrent terms of ninety-nine years at hard labor on each count, without benefit of parole, probation, or suspension of sentence. Defendant did not appeal his conviction but filed a post-conviction relief application in the district court, which was denied. Defendant's application for writ of review was denied by the Louisiana Supreme Court. Defendant then filed an application for a writ of habeas corpus in the federal courts, apparently claiming the trial court erred when it sentenced defendant without stating any reasons for the sentence.[1] Rather than participating in a hearing in the federal court, the state agreed to resentence defendant. The state trial court resentenced defendant to ninety-nine years at hard labor without benefit of parole, probation, or suspension of sentence. Representing himself, defendant appealed. This court found patent error in the trial court's failure to impose a separate sentence for each count. State v. Wimberly, No. 90 KA 0398 (La.App. 1st Cir. Dec. 18, 1990) (unpublished). We vacated the sentence and remanded for resentencing, whereupon the trial court resentenced defendant on each count to concurrent terms of ninety-nine years at hard labor, without benefit of parole, probation, or suspension of sentence. Representing himself, defendant again has appealed, urging four assignments of error.[2]
Because defendant pled guilty, the facts of the offenses were not fully developed. On January 1, 1977, defendant and Dennis Taylor purchased beverages at a convenience store. After leaving, the two men decided to commit a robbery at the store. They returned and robbed the cashier and several customers. Both men were armed during the robberies, defendant with a pellet gun and Taylor with a .38 caliber revolver. Defendant held his gun on the cashier and robbed the cashier, while Taylor robbed at least ten customers. During the robberies, the customers were forced to lie on the floor.

EXCESSIVE SENTENCES
In the first assignment of error, defendant asserts the sentences imposed upon him are excessive and not supported by the record. Defendant also claims the court did not comply with the sentencing guidelines of La.C.Cr.P. art. 894.1. Defendant further argues that the penalty provision in Louisiana for armed robbery is excessive when compared to the possible sentence in other states.
The penalty for armed robbery is imprisonment at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation, or suspension of sentence. La.R.S. 14:64(b). Thus, the imposition of ninety-nine year terms of imprisonment for each count is within the statutory requirements.
The trial judge has wide discretion, though not unbridled, in the imposition of a sentence within statutory limits. See State v. Sepulvado, 367 So.2d 762 (La. 1979). Article I, section 20, of the Louisiana Constitution prohibits the imposition of excessive punishment. A sentence will be determined to be excessive if it is grossly disproportionate to the crime, or is nothing *911 more than the needless imposition of pain and suffering. The determination turns upon the punishment and the crime in light of the harm to society and whether or not the penalty is so disproportionate that it shocks our sense of justice. State v. Waguespack, 589 So.2d 1079, 1086 (La.App. 1st Cir.1991), writ denied, 596 So.2d 209 (La. 1992). Maximum sentences may be imposed only in cases involving the most serious offenses and worst offenders. State v. Thomas, 572 So.2d 681, 684 (La.App. 1st Cir.1990), writ denied, 604 So.2d 994 (La. 1992).
Given compliance with the sentencing criteria of La.C.Cr.P. art. 894.1, the sentence will not be set aside in the absence of manifest abuse of discretion. Article 894.1 (prior to its amendment by 1991 La.Acts, No. 22) requires the trial court to weigh both aggravating and mitigating circumstances in imposing sentence. While the trial court is not required to articulate every such circumstance in imposing sentence, the record must reveal adequate consideration of the guidelines enumerated in article 894.1. Waguespack, 589 So.2d at 1086.
Before resentencing defendant, the court extensively considered the article 894.1 factors. The court noted that the armed robbery statute required imprisonment and did not allow for probation. The court determined that a lesser penalty would deprecate the seriousness of the offenses, in which eleven people were held at gunpoint and forced to lie on the floor. Because defendant used a gun during the robberies, the court concluded that defendant intended serious harm. The court found no ground tending to excuse or justify defendant's conduct and found the victims did not induce or facilitate the commission of the robberies. After hearing defendant's testimony that he had prior misdemeanor convictions for theft of an automobile (valued under a hundred dollars) and carrying a concealed weapon (each conviction resulting in thirty days of imprisonment), the court found that defendant had a history of criminal activity and had not led a law-abiding life for a substantial period of time before commission of the offenses.
The court also indicated that, in determining the appropriate sentences to impose, it had considered the entire record, including the guilty plea transcript and information presented by the state and mitigating evidence introduced by defendant at the sentencing hearing. At the hearing, the prosecutor who had represented the state at the guilty pleas testified that, at the time of the pleas, a first degree murder charge was pending against defendant. The murder charge was based upon events which occurred after the robberies. After committing the robberies at the convenience store, defendant and Taylor fled to a drive-in theater. When an employee (who may have been a security guard) of the theater observed a gun and money in defendant's vehicle, the employee pulled a weapon on defendant and Taylor. In response, either defendant or Taylor or both men fired at the theater employee. The shot(s) missed, but struck and killed a woman who was issuing tickets. Defendant was never tried for the murder; and the former assistant district attorney did not know why.
Defendant testified concerning his accomplishments. He pled guilty to these robberies in 1977 and has remained incarcerated since his original sentencing. While in the state penitentiary, defendant has completed his high school education and has served as an inmate counsel substitute. He has participated in several organizations at the prison, including the Angola Lifer's Association, Vet's Incarcerated, and the Civic Affairs Panel. He also has taken several courses, in addition to the coursework required for receiving his G.E.D. He indicated that participation in these organizations and courses is voluntary and club activities occur after the inmate has finished the work required by the prison. Defendant also introduced several certificates of recognition he had received in connection with his various activities at the state penitentiary. He admitted he had been disciplined on several occasions after his arrival in 1977; but he explained that the disciplinary complaints against him decreased *912 since 1979 and he has not been disciplined recently.
After reviewing the entirety of the record and the reasons cited by the court at resentencing, we find the court complied with the requirements of article 894.1 and did not abuse its discretion. Because the victims were forced to lie on the floor at gunpoint while defendant and his accomplice robbed them, these cases involved the most serious type of armed robbery. Defendant's actions in these offenses, his previous criminal record, and his participation in the subsequent murder establish that he is the worst of offenders. Thus, the court was justified in imposing the maximum sentence on each count.
Defendant argues the court erred when it considered the pending murder charge. He asserts the murder charge should not have been considered because defendant never was tried for the charge and because the murder did not occur during the robberies. Criminal activity is one of the factors under article 894.1 to be considered by the court in sentencing a defendant. See La.C.Cr.P. art 894.1(B)(7) (prior to its amendment by 1991 La.Acts, No. 22). Prior criminal activity is not limited to convictions. State v. Washington, 414 So.2d 313, 315 (La.1982). Defendant contends the state had no proof he was present or took part in the murder. Defendant apparently considers the testimony of the former prosecutor insufficient to establish a factual basis for defendant's involvement in the murder. However, the sources of information from which a sentencing court may draw are extensive; and traditional rules of evidence are not bars to consideration of otherwise relevant information. Washington, 414 So.2d at 315. Both arrests and convictions may be considered in imposing sentence, as long as evidence exists to link the defendant to the offenses and the defendant is given notice of the derogatory information and is afforded a chance to speak in mitigation. See State v. Ray, 423 So.2d 1116, 1120-21 (La.1982); State v. Williams, 412 So.2d 1327, 1328 n. 1 (La.1982).
We find no error in the court's consideration of the murder charge. The prosecutor described the factual basis for the charge; and neither at the sentencing hearing nor before this court does defendant claim he did not participate in the murder at the theater.
In connection with the assignment of error, defendant also argues that the penalty for armed robbery in Louisiana is excessive under Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). In Solem v. Helm, the United States Supreme Court concluded that a life sentence without benefit of parole imposed on a defendant convicted of "uttering a `no account' check in the amount of $100.00" and sentenced as a recidivist was unconstitutionally excessive. The Court issued the following holding:
In sum, we hold as a matter of principle that a criminal sentence must be proportionate to the crime for which the defendant has been convicted. Reviewing courts, of course, should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals. But no penalty is per se constitutional.
463 U.S. at 290, 103 S.Ct. at 3009-3010 (footnote omitted). In conducting its proportionality analysis, the Court cited three factors:
In sum, a court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions.
463 U.S. at 292, 103 S.Ct. at 3011.
In Harmelin v. Michigan, ___ U.S. ___, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), the Court reexamined this area of the law and upheld a sentence of life imprisonment without possibility of parole for a defendant convicted of possessing more *913 than 650 grams of cocaine. In doing so, although a majority could not agree on the exact standard to employ, the Court limited the instances in which a complete Solem v. Helm proportionality analysis is required.[3] As a result, courts are required to conduct the proportionality analysis required by Solem v. Helm only if, after comparing the gravity of the offense against the severity of the sentence, the court infers that the sentence is "grossly disproportionate" to the offense. See McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir.), cert. denied ___ U.S. ___, 113 S.Ct. 146, 121 L.Ed.2d 98 (1992).
After comparing the armed robberies committed by defendant in this case with the severity of the sentences, we do not find the sentences to be grossly disproportionate to the offenses. Thus, it is not necessary for us to analyze the sentences any further under Solem v. Helm. Furthermore, even under the standards required by Solem v. Helm, the penalty for armed robbery in Louisiana withstood a constitutional attack and was determined not to be excessive. See Little v. Butler, 848 F.2d 73, 77 (5th Cir.1988).
The arguments advanced by defendant and the assignment of error are without merit.
TESTIMONY OF FORMER PROSECUTOR AT SENTENCING HEARING
In the second assignment of error, defendant argues the court erred when it overruled the defense objection to the testimony of the former prosecutor at the hearing held before resentencing. Defendant maintains the court should not have allowed the attorney to testify concerning the original sentencing judge's reasons for sentencing. Defendant contends the testimony deprived him of the right of cross-examination.
For the reasons which follow, we reject the assignment of error. Defendant was resentenced by a different judge than the judge who originally imposed the sentences in 1977. Although the state improperly phrased its question when it asked the former prosecutor to explain the original judge's reasons for the sentences, the actual purpose of the former prosecutor's testimony was to provide the resentencing court with information about the case and surrounding factors. The former prosecutor was able to provide the factual basis for the robberies and the murder charge. The trial court indicated its recognition of the limited purpose of the testimony. As we have indicated in connection with our treatment of the first assignment, the sources of information from which a sentencing court may draw are extensive; and traditional rules of evidence are not bars to consideration of otherwise relevant information. Washington, 414 So.2d at 315. The assignment of error is without merit.
TIMELINESS OF RESENTENCING
In the third assignment of error, defendant submits the trial court erred when it denied defendant's motion to dismiss the proceedings on the ground the state court did not resentence defendant timely according to the order of the federal court. Defendant contends the court lost jurisdiction to resentence defendant because the sentencing was not timely.
Prior to the hearing, defendant moved to dismiss the proceedings on the ground the deadline for the hearing had passed. Other than the argument of defense counsel, the existing record contains *914 no indication that any court established any particular deadline for the resentencing. Arguments of counsel are not evidence; and the record contains no support for the allegations made by defendant. Only that which is in the record may be reviewed on appeal. See State v. Robertson, 518 So.2d 579, 585 (La.App. 1st Cir.1987), writ denied, 523 So.2d 227 (La.1988). Furthermore, even if the federal court established a deadline for the resentencing, defendant's relief would not be a dismissal of the proceedings in state court. The assignment of error is without merit.
LACK OF PRESENTENCE INVESTIGATION REPORT
In the fourth assignment of error, defendant maintains the court erred when it resentenced him without ordering a presentence investigation report. He asserts the court was not able to particularize the sentence because a PSI was not ordered.
Ordering a presentence investigation report is discretionary with the trial court; there is no mandate that a PSI be ordered. See La.C.Cr.P. art. 875(A)(1). Such an investigation is an aid to the court and not a right of the accused. The trial court's failure to order a PSI will not be reversed absent an abuse of discretion. See State v. Bell, 377 So.2d 275, 281 (La. 1979).
For the following reasons, we find no abuse of discretion in the court's failure to order a PSI prior to resentencing. Defendant did not request a PSI, and the court had sufficient information to allow it to review defendant's character and attitude and the background of the offenses. The assignment of error is without merit.
CONVICTIONS AND SENTENCES AFFIRMED.
NOTES
[1] The only evidence in the record as to the nature of the federal habeas proceedings and the reason for the resentencing consists of defendant's own testimony at the hearing held before resentencing. Defendant claimed the initial sentencing proceedings were in error because the trial court gave no reasons in support of the sentences. However, article 894.1 of the Louisiana Code of Criminal Procedure, which (prior to its recent amendment) listed mitigating and aggravating factors for the sentencing court to consider and required the court to state for the record the considerations taken into account and the factual basis for the sentence, was not in effect when defendant pled guilty and initially was sentenced in this case. See 1977 La.Acts, No. 635, Sec. 1.
[2] Defendant also argues on appeal that patent error is in the record because of the trial court's failure to credit defendant with time served on the sentences. See La.C.Cr.P. art. 880. However, both the transcript and the minutes of the final resentencing indicate the court credited defendant with time served.
[3] Justice Scalia (joined by Chief Justice Rehnquist) wrote the lead opinion and called for the overruling of Solem v. Helm. He rejected any notion that the Eighth Amendment required a proportionality review of criminal sentences. Ill S.Ct. at 2686, 2691 & 2696. However, Justice Kennedy (joined by Justices O'Connor and Souter), relying on stare decisis, adhered to the proportionality principle identified in Solem v. Helm but determined that, because of the severity of petitioner's crime, it was not necessary to analyse the other two factors cited in Solem v. Helm. Ill. S.Ct. at 2702 & 2707. Justice Kennedy wrote that "only in the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality" is it necessary to compare punishments for other crimes in the same jurisdiction or compare other jurisdictions' treatment of the same crime. Ill S.Ct. at 2707. Only the four dissenters considered all three of the factors cited by Solem v. Helm to be essential in each case.