JgSHORTESS, Judge.
On June 19, 1996, Billy Jerry Behrnes (defendant) was charged by a grand jury indictment with aggravated rape, La.R.S. 14:42. He initially pled not guilty but subsequently entered a best interest plea of guilty to the responsive offense of forcible rape, La.R.S. 14:42.1. See North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). After a Boykin hearing, the court accepted defendant’s guilty plea. Subsequently, he was sentenced to forty years at hard labor without benefit of parole, probation, or suspension of sentence. Defendant has appealed urging two assignments of error.

FACTS:

The facts of the offense were not fully developed because defendant pled guilty. The transcript of the Boykin hearing reveals that between January 1,1976, and December 31, 1980, defendant had intercourse with his stepdaughter, whose date of birth was December 8,1969. ' The victim was between the ages of six and eleven at the time. Defendant was married to the victim’s' mother and was living in their home. During the hearing, the prosecutor stated the State was prepared to present additional evidence of other acts of sexual abuse committed by defendant against his biological daughter, his biological son, and his stepsons. According to the prosecutor, defendant gave a taped statement wherein he admitted to acts of sexual abuse of the victim and others but denied the allegations of intercourse.

ASSIGNMENTS OF ERROR NUMBERS ONE AND TWO:

In his first assignment of error, defendant contends the trial court erred in *181 allowing victim-impact statements at the sentencing from witnesses who were not members of the victim’s family. In his brief to this court, he argues those allowed to make victim statements, and the contents of such statements, are specifically delineated; there is no provision for statements concerning impact on persons other than the victim or victim’s family or statements concerning other offenses. Defendant contends the court committed reversible error in allowing statements by Debra Behrnes Ferguson and Robin Behrnes Scott, defendant’s biological daughters, concerning offenses allegedly committed against them by defendant. In his second assignment of error, defendant contends the court erred in considering other unadjudieated crimes in sentencing him. In his brief to this court, defendant argues lathe court allowed the presentation of other crimes evidence (through victim-impact statements) during the sentencing hearing but did not allow him to respond to the allegations, which violated his constitutional right to confront witnesses against him. He further contends there was no clear and convincing evidence presented that the crimes actually occurred. Finally, he alleges under Louisiana Code of Criminal Procedure article 905.2 the court must make a determination whether other-crimes evidence is admissible during the sentencing phase in capital cases and the same protection should be afforded under Code of Criminal Procedure article 894.1.
Although defendant filed a motion for reconsideration of sentence, he failed to raise these issues in his motion filed with the court as required by Code of Criminal Procedure article 881.1(A)(2). However, during the sentencing hearing, defendant objected to anyone other than the victim testifying and to any testimony other than that related to this crime. Thus, assuming those objections were sufficient to preserve the issues, we will review them.
Louisiana Revised Statute 46:1844(K) provides, in pertinent part:
(1) ... Before disposition or sentencing in any case where a defendant has been charged with or found guilty of a felony, the court shall notify the victim ... of the time and place of sentencing and of the victim’s right to make a victim’s impact statement. The victim’s impact statement may be made orally or in writing by the victim, the victim’s family, the prosecutor, or any or all of them. It shall be filed with the court and shall:
(a) Identify the victim of the offense.
(b) Itemize any economic loss suffered by the victim as a result of the offense.
(c) Identify any physical injury suffered by the victim as a result of the offense, along with its seriousness and permanence.
(d) Describe any change in the victim’s personal welfare or familial relationships as a result of the offense.
(e) Identify any request for psychological services initiated by the victim or the victim’s family as a result of the offense.
(f) Contain any other information related to the impact of the offense upon the victim or the victim’s family that the trial court requires.
(2)(a) Prior to the sentencing hearing, the court shall provide the counsel for the defendant, the victim, and the attorney for the state with notice of the sentencing range believed to be applicable to the case. At the sentencing hearing, the court shall afford the counsel for the defendant and the attorney for the state an opportunity to comment upon the sentencing range and on other matters relating to the appropriate sentence. Before imposing sentence, the court shall verify that the victim was notified of the sentencing hearing and address the Uvictim personally, if the victim is present at the sentencing hearing, to determine if the victim wishes to make a statement or to present any information in relation to the sentence, when the sentence is for a crime of violence or a sexual offense.
(b) Upon a motion that is jointly filed by the defendant and by the attorney for the state, the court may hear in camera such a statement by the counsel for the defendant, the victim, or the attorney for the state.
*182 (3) For purposes of Paragraph (2) of this Subsection, the following words shall mean the following:
(a) “Victim” means an individual against whom an offense for which a sentence is to be imposed has been committed....
Ferguson and Scott were not victims in this case. They were the victim’s stepsisters and appeared also to be victims of defendant. According to Revised Statute 46:1844(K)(1), a victim impact statement may be made by the victim’s family. Revised Statute 46:1842(7) defines a victim’s family as a spouse, parent, child, stepchild, sibling, or legal representative of the victim, except when the person is in custody for an offense or is the defendant.
In allowing Ferguson and Scott to give their statements, the court concluded that a broad interpretation of the definition of a victim’s family afforded them the right to give a statement. Although stepsiblings are not listed in the definition of a victim’s family, the court stated it was interpreting the definition in its “broadest possible sense” and, thus, allowed the victim’s stepsisters to make a statement as part of the victim’s family.
Louisiana law is well established that the provisions of criminal statutes “shall be given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision.” La.R.S. 14:3. Criminal and penal laws must be strictly construed. State ex rel. Mims v. Butler, 601 So.2d 649, 655 (La.1992). When a criminal statute is ambiguous, any doubt or ambiguity must be construed against the State and in favor of leniency. Id.; State v. Davis, 448 So.2d 645, 653 (La.1984). When there is no ambiguity in' a criminal statute, however, it must be interpreted according to its verbiage.
In this case, the trial court erred first in interpreting a non-ambiguous statute and second in interpreting a criminal statute in favor of the State. It was error for the trial court to permit testimony from the victim’s stepsisters because this class of ^relatives is not enumerated in the statute. “Stepchild” is enumerated, and if the legislature had intended for other “steps” to be included, it must be presumed it would have done so. This error by itself may be harmless; however, it constitutes reversible error when considered with the court’s refusal to permit defendant to rebut the statements after their testimony.
Before Ferguson and Scott testified, the court indicated it intended to give defendant the maximum séntence. The court also asked defendant if he wanted to make a statement. He responded by saying ‘Tes. I didn’t rape her.” The court asked defendant if that was all he wanted to say, and he answered, “That’s it.”
The victim, Ferguson, and Scott then each made a statement. Ferguson and Scott alluded to other crimes allegedly committed by defendant. At the conclusion of their statements, defendant asked to speak; however, the court stated it previously gave defendant an opportunity to speak. Defendant replied he did not understand Scott.
The court then sentenced defendant, giving lengthy reasons for the sentence. Although defendant complains about other crimes being considered by the court in sentencing him, criminal activity involving similar offenses is one of the factors under Code of Criminal Procedure article 894.1 to be given weight by the court in its determination of suspension of sentence or probation. Prior criminal activity is'not limited to convictions. State v. Wimberly, 618 So.2d 908, 912 (La.App. 1st Cir.), writ denied, 624 So.2d 1229 (La.1993). The defendant, however, must be given an opportunity to rebut or explain misinformation upon which the trial relies or to which it is exposed in its sentencing decision. State v. Cox, 369 So.2d 118 (La.1979). See also State v. Ray, 423 So.2d 1116, 1121 (La.1982):
At the sentencing hearing, the defendant had expressed a desire to show circumstances which mitigated against imposition of the maximum sentence. The trial judge refused to allow him to do so. We consider such a refusal to be an abrogation of the defendant’s right to rebut misinformation relied upon in' imposing sentence or to show mitigating factors. Since we vacate the sentence and remand the case to the *183 trial court for re-senteneing, the defendant should be afforded the opportunity to make such a showing at that time.
The trial court committed reversible error. While the court is allowed to consider other criminal activities in sentencing a defendant, it must, under these circumstances, give defendant an opportunity to rebut, especially when the record l6clearly established defendant was hard of hearing. These assignments of error have merit. The trial court’s sentence is reversed and set aside, and this matter is remanded for resentencing pursuant to this opinion.[1]
CONVICTION AFFIRMED; SENTENCE REVERSED AND SET ASIDE; REMANDED FOR RESENTENCING.

. The victim has testified. The trial court is ordered to use the victim’s testimony previously taken herein rather than require her to testify again unless she should so choose. The option is the victim’s.