STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-255

STATE OF LOUISIANA

VERSUS

DAVID THOMAS SCHWARZ

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 11028-11
HONORABLE WILFORD D. CARTER, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Billy Howard Ezell, J. David Painter, and James T. Genovese, Judges.

AFFIRMED.

John Foster DeRosier
District Attorney
Karen C. McLellan
Assistant District Attorney
Fourteenth Judicial District Court
P. O. Box 3206
Lake Charles, LA 70602-3206
(337) 437-3400
COUNSEL FOR APPELLEE:
    State of Louisiana

**Edward Kelly Bauman**
**Louisiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **David Thomas Schwarz**

**EZELL, Judge.**

The Defendant, David Thomas Schwarz, was charged by indictment filed on March 18, 2011, with aggravated rape, a violation of La.R.S. 14:42. The Defendant entered a plea of not guilty on March 23, 2011. On May 7, 2012, the charge of aggravated rape was amended to forcible rape, a violation of La.R.S. 14:42.1. The Defendant then entered a plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970). On July 30, 2012, the Defendant was sentenced to ten years at hard labor with two years to be served without benefit of probation, parole, or suspension of sentence, to run concurrently to the sentence imposed in trial court docket number 11023-11.[1] A motion to reconsider sentence was filed on September 4, 2012, and was denied on September 17, 2012. A motion for appeal was filed on October 16, 2012, and was subsequently granted.

The Defendant is now before this court asserting the trial court erred in allowing Donna Fruge Ross to present a victim impact statement.[2] This assignment of error lacks merit.

## FACTS

On January 25, 2011, the Defendant was employed at the Calcasieu Multi-Handicap Center in Vinton, Louisiana. On that date, the Defendant engaged in anal sex with the twenty-four-year-old victim who was a resident of the center. The victim was incapable of resisting or understanding the nature of the act because of his abnormal condition. During the commission of the act, someone walked into the room.

---

[1]The appeal in trial court docket number 11023-11 is before this court in appellate docket number 13-254.

[2]This matter was consolidated for briefing purposes with appellate docket number 13-254. Assignment of error number two will be addressed in that docket number, as it pertains solely to the offense committed therein.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. There are no errors patent.

## ASSIGNMENT OF ERROR

The Defendant contends the trial court erred in allowing Donna Fruge Ross to present a victim impact statement.

Louisiana Revised Statutes 46:1844(k) provides for the consideration of victim impact statements by the victim or a designated family member to be present and heard at all critical stages of the proceedings, including the sentencing stage. Louisiana Revised Statutes 46:1842(11) defines a family member as including "a spouse, parent, child, stepchild, sibling, or legal representative of the victim, except when the person is in custody for an offense or is the defendant."

At the sentencing hearing, the State informed the trial court that Ross would like to speak on behalf of the victim. Defense counsel asserted it was not proper for Ross to give victim impact testimony, as it was beyond the scope of Title 46. The State claimed Ross was a legal advocate recognized by the Attorney General's Office. The trial court subsequently allowed Ross to testify at the sentencing hearing.

Ross testified that she was certified through the Attorney General's Office to be the ombudsman for all forty-two group homes in Region V. Thus, she was the voice for the residents living in those homes. Ross informed the trial court that the victim was nonverbal. She also informed the trial court that the victim was autistic, profoundly retarded, and depended on others to dress, feed, and bathe him. Ross further indicated that the victim was hospitalized in the "psych unit" as a result of the Defendant's actions. Ross subsequently asked the trial court to impose the maximum sentence.

After Ross's testimony, defense counsel restated his objection, cited *State v. Behrnes*, 97-179 (La.App. 1 Cir. 12/29/97), 706 So.2d 179, and alleged the trial court's consideration of Ross's testimony was reversible error. The trial court overruled the objection and found Ross was the victim's legal representative because he could not speak for himself.

The Defendant argues that Ross presented no evidence to prove she was appointed as a legal representative of the victim. The Defendant then cites *Behrnes*. In *Behrnes*, the defendant was convicted of forcibly raping his stepdaughter. On appeal, the defendant argued the trial court erred in allowing his two daughters to give statements concerning offenses allegedly committed against them by the defendant. The first circuit found the trial court erred in permitting testimony from the victim's stepsisters because this class of relatives was not enumerated in La.R.S. 46:1842. The first circuit then found this error by itself "may be harmless." *Id.* at 182. However, it constituted reversible error when coupled with the trial court's refusal to permit the defendant to rebut the statements at issue.

The Defendant in the case at bar argues that any error in allowing Ross to make a victim impact statement was not harmless error. The Defendant claims Ross's request that he receive the maximum sentence and her appeal to the trial court's sense of justice by asking that he serve as an example for people looking to work in care facilities was very damaging to his chances of getting a lesser sentence. The Defendant contends the trial court's failure to adhere to the language of La.R.S 46:1842(7) requires that his sentence for forcible rape be reversed and the matter be remanded for resentencing.

The State contends the victim's family designated Ross as the speaker for the family. The State notes that legal representative is not defined in La.R.S.

3

46:1842 and argues that Ross was a legal advocate. The State argues that because Ross is the victim's representative in other situations, it would stand to reason that would also apply in the criminal context. The State further argues that Ross's statement was necessary for the trial court to formulate a sentence under La.Code Crim.P. art. 894.1, as she provided information regarding the Defendant's knowledge of the victim and the victim's condition. The State points out that the trial court noted the victim's mother was too upset to provide valuable information. Additionally, the victim could not speak for himself.

The State asserts that, assuming Ross's statements were improper, the error was harmless because the trial court questioned counsel, the witnesses, and took the Defendant's background into consideration before sentencing him.

In *State v. Gomez*, 00-566, 00-677 p. 7 (La. 1/17/01), 778 So.2d 549, 554, the supreme court stated: "the legislature has not expressly authorized testimony from mental health professionals as part of a victim-impact statement at sentencing in *any* criminal case. La.R.S. 46:1844(K)." Although Ross is not a mental health professional, we find *Gomez* to be helpful in its determination of whether Ross, an ombudsman or advocate for the disabled, should have been allowed to testify.

Based on the definition of a family member set forth in La.R.S. 46:184, 46:1842 2(11), the ruling in *Behrnes*, 706 So.2d 179, and the supreme court's remarks in *Gomez*, 778 So.2d 549, we find that Ross was impermissibly allowed to speak at the Defendant's sentencing hearing. However, we find this error was harmless in light of the fact that the State asked the trial court three times to impose the maximum sentence and the fact that the Defendant was sentenced to serve ten years when he was facing a possible sentence of five to forty years. La.R.S. 14:42.1.

For these reasons, we find this assignment of error lacks merit.

## DISPOSITION

The Defendant's conviction and sentence for forcible rape are affirmed.

**AFFIRMED.**